UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 12 C_____ |
| v. | )<br>) Judge _____ |
| JOSEPH M. PLOVANICH, OFFICER MILLAN (Star # 6082), KEVIN A. GRANEY, ROBERT MANGAN, MICHAEL T. KARCZEWSKI, SARAH McDERMOTT, NOEL ESQUIVEL, ANTONIO J. VALENTIN, MARK A. KUSHINER, JORGE CERDA, ARMANDO SILVA, JR., RAFAEL S. GARCIA, J. J. GORZKOWSKI, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, | )<br>) Magistrate Judge _____<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## CIVIL RIGHTS COMPLAINT

Plaintiffs, DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, by and through their attorney, Irene K. Dymkar, and complaining against defendants, JOSEPH M. PLOVANICH, OFFICER MILLAN (Star # 6082), KEVIN A. GRANEY, ROBERT MANGAN, MICHAEL T. KARCZEWSKI, SARAH McDERMOTT, NOEL ESQUIVEL, ANTONIO J. VALENTIN, MARK A. KUSHINER, JORGE CERDA, ARMANDO SILVA, JR., RAFAEL S. GARCIA, J. J. GORZKOWSKI, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, state as follows:

### NATURE OF CLAIM

1.  This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 [42 U.S.C. § 1983], to redress deprivations of the

civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiffs rely upon the Court's supplemental jurisdiction to assert the Illinois state claims of malicious prosecution and indemnification.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C. §§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiffs, DAVID D. WILBON (D. WILBON), RICO M. WILBON ( R. WILBON), and GEORGE J. SMITH (G. SMITH), were and are citizens of the United States and reside within the jurisdiction of the Court.

6. At all times herein mentioned, defendants JOSEPH M. PLOVANICH (PLOVANICH), OFFICER MILLAN (Star # 6082) (MILLAN), KEVIN A. GRANEY (GRANEY), ROBERT MANGAN (MANGAN), MICHAEL T. KARCZEWSKI (KARCZEWSKI), SARAH McDERMOTT (McDERMOTT), NOEL ESQUIVEL (ESQUIVEL), ANTONIO J. VALENTIN (VALENTIN), MARK A. KUSHINER (KUSHINER), JORGE CERDA (CERDA), ARMANDO SILVA, JR.(SILVA), RAFAEL S. GARCIA (GARCIA), J. J. GORZKOWSKI (GORZKOWSKI), and UNKNOWN OFFICERS

OF THE CHICAGO POLICE DEPARTMENT (UNKNOWN OFFICERS) were officers employed by the Chicago Police Department and were acting under color of state law and as the employees or agents of the CITY OF CHICAGO, Illinois. They are being sued in their individual capacity. Once the UNKNOWN OFFICERS have been identified, plaintiffs will seek leave to amend this complaint.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

**STATEMENT OF FACTS**

8. On April 10, 2010, at approximately 2:30 AM, plaintiffs, D. WILBON, R. WILBON, and G. SMITH, were in a vehicle parked on the 5700 block of West Madison Street in Chicago, Illinois, across the street from the 15th District Headquarters of the Chicago Police Department located at 5701 W. Madison Street in Chicago, Illinois.

9. Plaintiffs were engaged in lawful conduct, talking to each other and to friends on the telephone and in another vehicle that had also parked across from the police station.

10. A large number of Chicago police officers, believed to include PLOVANICH, MILLAN, GRANEY, MANGAN, KARCZEWSKI, McDERMOTT, ESQUIVEL, VALENTIN, KUSHINER, CERDA, SILVA, GARCIA, GORZKOWSKI, and UNKNOWN OFFICERS, arrived in police vehicles and on foot and ordered plaintiffs out of their vehicle.

11. Plaintiffs were searched by defendants, without a warrant and without consent.

12. The vehicle plaintiffs were in and their belongings in the vehicle were searched by defendants, without a warrant and without consent.

13. A female ranking officer came from the 15th District Headquarters and conversed with the arresting officers and seemed to be giving directions.

14. Plaintiffs were formally arrested, without a clue as to why they were all being arrested.

15. Plaintiffs were taken in police custody to the police station across the street.

16. The vehicle plaintiffs were in and their belongings were seized and the vehicle was towed.

17. Plaintiffs were booked, processed, and put into jail cells.

18. Defendants charged plaintiffs with the crime of mob action, alleged to have occurred more than 1-1/2 miles away, on the 1300 block of N. Menard Street in Chicago, Illinois. Plaintiff D. WILBON was also charged with two counts of aggravated assault of a police officer, alleged to have occurred more than 1-1/2 miles away. Plaintiff G. SMITH was also charged with possession of cannabis.

19. The charges were reviewed and approved by defendants KARCZEWSKI, GORZKOWSKI, and McDERMOTT, who were the supervising officers.

20. Plaintiffs were incarcerated until the next morning, when they were released.

21. Plaintiffs do not know what happened on the 1300 block of N. Menard Street or why they were charged with violent crimes allegedly occurring at that location.

22. All criminal charges were dismissed by operation of law under circumstances consistent with innocence. Plaintiffs did not negotiate the dismissal, nor was the dismissal the result of any promises, deals, agreements, or benefits of any sort. The charges were dismissed because defendants had no probable cause to justify plaintiffs' arrest and prosecution.

23. By reason of the above-described acts and omissions of the defendant police officers, plaintiffs sustained injuries, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

24. The aforementioned acts of the defendant police officers were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

25. By reason of the above-described acts and omissions of the defendant officers, plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

### COUNT I
**Plaintiffs, D. WILBON, R. WILBON, and G. SMITH, Against Defendants, PLOVANICH, MILLAN, GRANEY, MANGAN, KARCZEWSKI, McDERMOTT, ESQUIVEL, VALENTIN, KUSHINER, CERDA, SILVA, GARCIA, GORZKOWSKI, UNKNOWN OFFICERS, and CITY OF CHICAGO, for False Arrest**

26. Plaintiffs, DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, incorporate and reallege paragraphs 1 – 25, as though set forth herein in their entirety.

27. The seizure, arrest, and incarceration of plaintiffs, D. WILBON, R. WILBON, and G. SMITH, for the purpose of charging them with false crimes, were without probable cause and unreasonable.

28. By reason of the conduct of the individual defendants, plaintiffs, D. WILBON, R. WILBON, and G. SMITH, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants PLOVANICH, MILLAN, GRANEY, MANGAN, KARCZEWSKI, McDERMOTT, ESQUIVEL, VALENTIN, KUSHINER, CERDA, SILVA, GARCIA, GORZKOWSKI, and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

29. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

    b. As a matter of both policy and procedure, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiff.

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department falsely arrest

     citizens in a manner similar to that alleged by plaintiffs in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases.

  d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

  e. The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of same, thereby causing the types of injuries alleged here.

30. By reason of the policy and practice of the Chicago Police Department, plaintiffs, DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT II**
**Plaintiffs, D. WILBON, R. WILBON, and G. SMITH, Against Defendants, PLOVANICH, MILLAN, GRANEY, MANGAN, KARCZEWSKI, McDERMOTT, ESQUIVEL, VALENTIN, KUSHINER, CERDA, SILVA, GARCIA, GORZKOWSKI, UNKNOWN OFFICERS, and CITY OF CHICAGO, for Unconstitutional Search of Their Persons**

31. Plaintiffs, DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, incorporate and reallege paragraphs 1 – 25, as though set forth herein in their entirety.

32. The intrusion by the individual defendants into plaintiffs' security and privacy by searching their persons was arbitrary, unreasonable, and without legal cause.

33. By reason of the conduct of the individual defendants, plaintiffs, D. WILBON, R. WILBON, and G. SMITH, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MILLAN, PLOVANICH, GRANEY, MANGAN, KARCZEWSKI , ESQUIVEL, VALENTIN, KUSHINER, CERDA, SILVA, GARCIA, GORZKOWSKI,, and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

34. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

    b. As a matter of both policy and procedure, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiff.

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department conduct

8

        illegal searches of the person of citizens in a manner similar to that alleged by plaintiffs in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases.

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

    e.    The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of same, thereby causing the types of injuries alleged here.

35.    By reason of the policy and practice of the Chicago Police Department, plaintiffs, DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT III**
**Plaintiffs, D. WILBON, R. WILBON, and G. SMITH, Against Defendants, PLOVANICH, MILLAN, GRANEY, MANGAN, KARCZEWSKI, McDERMOTT, ESQUIVEL, VALENTIN, KUSHINER, CERDA, SILVA, GARCIA, GORZKOWSKI, UNKNOWN OFFICERS, and CITY OF CHICAGO, for Unconstitutional Search and Seizure of Vehicle and Its Contents**

36.    Plaintiffs, DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, incorporate and reallege paragraphs 1 – 25, as though set forth herein in their entirety.

37. The intrusion by the individual defendants into plaintiffs' security and privacy by searching and seizing their vehicle and its contents was arbitrary, unreasonable, and without legal cause.

38. By reason of the conduct of the individual defendants, plaintiffs, D. WILBON, R. WILBON, and G. SMITH, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MILLAN, PLOVANICH, GRANEY, MANGAN, KARCZEWSKI , ESQUIVEL, VALENTIN, KUSHINER, CERDA, SILVA, GARCIA, GORZKOWSKI,, and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

39. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

    b. As a matter of both policy and procedure, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiff.

  c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department illegally search and seize vehicles and personal property in a manner similar to that alleged by plaintiffs in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases.

  d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

  e. The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of same, thereby causing the types of injuries alleged here.

40. By reason of the policy and practice of the Chicago Police Department, plaintiffs, DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

**COUNT IV**
**Plaintiffs, D. WILBON, R. WILBON, and G. SMITH, Against Defendants, PLOVANICH, MILLAN, GRANEY, MANGAN, KARCZEWSKI, McDERMOTT, ESQUIVEL, VALENTIN, KUSHINER, CERDA, SILVA, GARCIA, GORZKOWSKI, UNKNOWN OFFICERS, and CITY OF CHICAGO, for Failure to Intervene**

41. Plaintiffs, DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, incorporate and reallege paragraphs 1 – 25, as though set forth herein in their entirety.

42. Defendant police officers were present when plaintiffs and their possessions were searched and seized, and they were arrested and charged with crimes, all without probable cause to believe that they had committed any crimes.

43. Defendants had reason to know that the seizure and arrest of plaintiffs and the search and seizure of their persons and possessions were without a valid warrant, without consent, without probable cause, and without exigent circumstances.

44. Defendants had a reasonable opportunity to prevent said abuse and injury from occurring, but did not do so.

45. By reason of the conduct of the individual defendants, plaintiffs, D. WILBON, R. WILBON, and G. SMITH, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants MILLAN, PLOVANICH, GRANEY, MANGAN, KARCZEWSKI , ESQUIVEL, VALENTIN, KUSHINER, CERDA, SILVA, GARCIA, GORZKOWSKI,, and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

46. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

12

  b. As a matter of both policy and procedure, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiff.

  c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department fail to intervene in unconstitutional conduct in a manner similar to that alleged by plaintiffs in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases.

  d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

  e. The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of same, thereby causing the types of injuries alleged here.

47. By reason of the policy and practice of the Chicago Police Department, plaintiffs, DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the

Constitution of the United States and laws enacted thereunder. Therefore, the CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

### COUNT V
### Plaintiffs, D. WILBON, R. WILBON, and G. SMITH, Against Defendants KARCZEWSKI, McDERMOTT, GORZKOWSKI, UNKNOWN OFFICERS, and CITY OF CHICAGO for Supervisory Liability

48. Plaintiffs, DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, incorporate and reallege paragraphs 1 – 25, as though set forth herein in their entirety.

49. Defendants KARCZEWSKI, McDERMOTT, GORZKOWSKI and UNKNOWN OFFICERS were supervisory officers who approved, condoned, or turned a blind eye to unconstitutional conduct, and therefore, are liable as supervisors.

50. Plaintiffs, D. WILBON, R. WILBON, and G. SMITH, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants KARCZEWSKI, McDERMOTT, GORZKOWSKI and UNKNOWN OFFICERS, and each of them, is liable to plaintiffs pursuant to 42 U.S.C. §1983.

51. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

    b.    As a matter of both policy and procedure, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiff.

    c.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department improperly exercise supervisory authority in a manner similar to that alleged by plaintiffs in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases.

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

    e.    The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of same, thereby causing the types of injuries alleged here.

52. By reason of the policy and practice of the Chicago Police Department, plaintiffs, D. WILBON, R. WILBON, and G. SMITH, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United

States and laws enacted thereunder. Therefore, the CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

### COUNT VI
### Plaintiffs, D. WILBON, R. WILBON, and G. SMITH, Against Defendants, PLOVANICH, MILLAN, GRANEY, MANGAN, KARCZEWSKI, McDERMOTT, ESQUIVEL, VALENTIN, KUSHINER, CERDA, SILVA, GARCIA, GORZKOWSKI, UNKNOWN OFFICERS, and CITY OF CHICAGO, for Conspiracy Pursuant to Section 1983

53. Plaintiffs, DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, incorporate and reallege paragraphs 1 – 25, as though set forth herein in their entirety.

54. The above acts were committed with knowledge and by agreement of defendants PLOVANICH, MILLAN, GRANEY, MANGAN, KARCZEWSKI, McDERMOTT, ESQUIVEL, VALENTIN, KUSHINER, CERDA, SILVA, GARCIA, GORZKOWSKI, and UNKNOWN OFFICERS to act in concert to violate the constitutional rights of plaintiffs, D. WILBON, R. WILBON, and G. SMITH.

55. By reason of the conduct of defendant police officers PLOVANICH, MILLAN, GRANEY, MANGAN, KARCZEWSKI, McDERMOTT, ESQUIVEL, VALENTIN, KUSHINER, CERDA, SILVA, GARCIA, GORZKOWSKI, and UNKNOWN OFFICERS, plaintiffs, D. WILBON, R. WILBON, and G. SMITH, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the individual defendants are liable to plaintiffs pursuant to 42 U.S.C. §1983.

56. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and thereby the moving force behind, the very type of

        police misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference.

b.     As a matter of both policy and procedure, the Chicago Police Department facilitates the very type of police misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct, thereby leading Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting plaintiff.

c.     Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department agree to act in concert to violate the constitutional rights of citizens in a manner similar to that alleged by plaintiffs in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases.

d.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case.

e.     The CITY OF CHICAGO has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of same, thereby causing the types of injuries alleged here.

57. By reason of the policy and practice of the Chicago Police Department, plaintiffs, DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, the CITY OF CHICAGO is liable to plaintiffs pursuant to 42 U.S.C. §1983.

## COUNT VII
**Plaintiffs, D. WILBON, R. WILBON, and G. SMITH, Against Defendants, PLOVANICH, MILLAN, GRANEY, MANGAN, KARCZEWSKI, McDERMOTT, ESQUIVEL, VALENTIN, KUSHINER, CERDA, SILVA, GARCIA, GORZKOWSKI, UNKNOWN OFFICERS, and CITY OF CHICAGO, for the State Supplemental Claim of Malicious Prosecution**

58. Plaintiffs, DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, incorporate and reallege paragraphs 1 – 25, as though set forth herein in their entirety.

59. The individual defendants maliciously caused criminal charges to be filed and prosecuted against plaintiffs, D. WILBON, R. WILBON, and G. SMITH.

60. There was no probable cause for the institution of criminal charges against plaintiffs.

61. There was no probable cause for the continuation of the prosecution of plaintiffs.

62. The individual defendants facilitated this malicious prosecution by creating false police reports, false written criminal charges, and false evidence, and making false statements under oath.

63. Plaintiffs were wrongfully incarcerated as a direct result of the institution and prosecution of the criminal charges.

64. Plaintiffs were injured emotionally and otherwise from the loss of certain liberty and related rights.

65. The criminal proceedings were terminated in plaintiffs' favor, after the charges were stricken on leave to reinstate and the State's Attorney declined to reinstate the charges.

66. Defendants MILLAN, PLOVANICH, GRANEY, MANGAN, KARCZEWSKI, ESQUIVEL, VALENTIN, KUSHINER, CERDA, SILVA, GARCIA, GORZKOWSKI, and UNKNOWN OFFICERS are liable to plaintiffs under Illinois law for the state supplemental claim of malicious prosecution.

67. Defendant CITY OF CHICAGO is liable for the acts of the individual defendants pursuant to the doctrine of *respondeat superior.*

## COUNT VIII
### Plaintiffs, D. WILBON, R. WILBON, and G. SMITH, Against Defendant CITY OF CHICAGO for Indemnification (735 ILCS 10/9-102)

68. Plaintiffs, DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, incorporate and reallege paragraphs 1 – 25, as though set forth herein in their entirety.

69. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

70. Defendants PLOVANICH, MILLAN, GRANEY, MANGAN, KARCZEWSKI, McDERMOTT, ESQUIVEL, VALENTIN, KUSHINER, CERDA, SILVA, GARCIA, GORZKOWSKI, and UNKNOWN OFFICERS were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

71. Defendant CITY OF CHICAGO is thus liable under the theory of indemnification.

WHEREFORE, plaintiffs, DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, by and through their attorney, Irene K. Dymkar, request judgment as follows against the defendants, JOSEPH M. PLOVANICH, OFFICER MILLAN (Star # 6082), KEVIN A. GRANEY, ROBERT MANGAN, MICHAEL T. KARCZEWSKI, SARAH McDERMOTT, NOEL ESQUIVEL, ANTONIO J. VALENTIN, MARK A. KUSHINER, JORGE CERDA, ARMANDO SILVA, JR., RAFAEL S. GARCIA, J. J. GORZKOWSKI, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, on each and every claim:

1. That defendants be required to pay plaintiffs general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

2. That defendants be required to pay plaintiffs special damages,

3. That defendants be required to pay the plaintiffs attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

4. That defendants, except CITY OF CHICAGO, be required to pay plaintiffs exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

5. That defendants be required to pay plaintiffs costs of the suit herein incurred, and

6. That plaintiffs be granted such other and further relief as this Court may deem just and proper

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY.**


Dated: February 15, 2012                /s/ Irene K. Dymkar
                                                                                                   Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiffs
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123