UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH M. PLOVANICH, OFFICER MILLAN (Star # 6082), KEVIN A. GRANEY, ROBERT MANGAN, MICHAEL T. KARCZEWSKI, SARAH McDERMOTT, NOEL ESQUIVEL, ANTONIO J. VALENTIN, MARK A. KUSHINER, JORGE CERDA, ARMANDO SILVA, JR., RAFAEL S. GARCIA, J. J. GORZKOWSKI, UNKNOWN OFFICERS OF THE CHICAGO POLICE DEPARTMENT, and CITY OF CHICAGO, <br><br> Defendants. | Case No. 12 C 1132 <br><br> <u>Judge Marvin E. Aspen</u> <br><br> Magistrate Judge Geraldine Soat Brown |

**PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDER, QUASHING DEFENDANTS' "NOTICE OF DEPOSITION" AND BARRING DEFENDANTS FROM TAKING KEITH A. THORNTON, JR.'S DEPOSITION IN CALIFORNIA ON JUNE 10, 2013, AND FOR ATTORNEYS' FEES**

Plaintiffs, DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, by and through their attorney, Irene K. Dymkar, request that the Court issue a protective order, quashing defendants' "notice of deposition" and barring defendants from taking Keith A. Thornton, Jr.'s deposition in California on June 10, 2013, and that the Court grant plaintiffs' attorneys' fees. Plaintiffs allege as follows:

1. This action was commenced by the filing of a complaint alleging a cause of action under the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiffs through acts and/or omissions of defendants committed under color of law.

1

2. Plaintiffs seek a protective order, quashing defendants' "notice of deposition" and barring defendants from taking Keith A. Thornton, Jr.'s deposition in California on June 10, 2013. The notice is attached hereto as Exhibit A. There was no prior communication from defense counsel regarding the scheduling of this deposition prior to defendants faxing and mailing this notice on June 4, 2013. The notice does not state the manner of recording this deposition in California (Fed.R.Civ.Proc. 30(b)(3)). There is no indication that a subpoena was ever served on Mr. Thornton.

3. Mr. Thornton is an important witness because he is the *only* witness defendants claim as an eyewitness who allegedly identifies one or more plaintiffs as being at the scene of a disturbance 1-1/2 - 2 miles from where they were arrested. *None of the defendant police officers* place any of the three plaintiffs, nor the four individuals in another car, at the scene of a disturbance 1-1/2 - 2 miles away. Parenthetically, the City of Chicago has settled the case against the four individuals in the second vehicle.

4. On June 5, 2013, plaintiffs' counsel called and e-mailed defense counsel, informing them that she was not agreeing to a deposition in California on June 10, 2013, even if defense counsel were proposing that it take place by telephone. Defense counsel called back at approximately 5:15 PM, but plaintiffs' counsel had already left for a physical therapy session. On June 6, 2013, at approximately noon, plaintiffs' counsel left a telephone message for defense counsel Kristin Pinkston and e-mailed both defense counsel Kristin Pinkston and Dana Pesha, asking them to cancel the deposition in California on June 10, 2013, and further asking them to call plaintiffs' counsel back. Defense counsel did not call, but by letter have refused to cancel the deposition.

**Background**

5. On the last day of discovery, May 31, 2013, defendants filed a motion to extend discovery so that they can take the depositions of 10 additional third-party witnesses, including alleged

2

eyewitness Keith Thornton, Jr., witnesses they had neither noticed nor subpoenaed for deposition prior to the close of discovery. *Document 87.* This motion, which is being opposed by plaintiffs, was re-assigned by the district judge to the magistrate judge and is scheduled to heard on June 12, 2013.

5. Plaintiffs filed a motion for rule to show cause why Keith Thornton, Jr. should not be held in contempt of court for failure to appear for his subpoenaed deposition on May 6, 2013. *Document 87.* This motion was re-assigned by the district judge to the magistrate judge and is scheduled to heard on June 12, 2013.

6. Rather than wait for the matter to be argued and decided by the Court on June 12, 2013, defendants unilaterally issued a "notice of deposition," to take Mr. Thornton's deposition on June 10, 2013, in California. *Exhibit A.* Plaintiffs' counsel has not been able to talk to defense counsel, as set forth above, but there is no indication on the notice that a subpoena has been served. The notice does not state the manner of recording the deposition.

**Argument**

7. Plaintiffs' counsel is not available on June 10, 2013, for a deposition, because of previously scheduled matters. More important, defendants should not be allowed to pre-empt plaintiffs' attempt to take Mr. Thornton's deposition in person on a date mutually convenient to everyone, and defendants should not be allowed to by-pass the judicial intervention sought by plaintiffs to compel Mr. Thornton's deposition.

8. There is a history now of defense counsel's attempts to interfere with plaintiffs' subpoena of Mr. Thornton. Plaintiffs first tried to personally serve a subpoena on Mr. Thornton in February of this year at his home at 4814 W. Wabansia, Apt. 1, Chicago, Illinois 60639, prior to the commencement of plaintiffs' counsel's surgery and medical leave commencing in March. Mr. Thornton's family members were not cooperative with plaintiffs' investigator, and although they

admitted that Mr. Thornton lived there, they were not willing to facilitate personal service. A subpoena was thereafter served by substitute service on Mr. Thornton on April 23, 2013, for a deposition to take place on May 6, 2013, after plaintiffs' counsel's medical leave.

    9. On or about May 1, 2013, plaintiffs' counsel spoke to defense counsel Kristin Pinkston, with defense counsel Dana Pesha in the background on speaker phone, about the impending deposition on May 6, 2013. Plaintiffs' counsel asked defense counsel if they had had any contact with Keith Thornton. Ms. Pinkston said she had not, but that former attorney Andrea Cook had spoken to him in 2012. Ms. Pesha remained silent and Ms. Pinkston did not offer the information that *Ms. Pesha* had spoken to him in February of this year *at the same time that Mr. Thornton must have been aware that plaintiffs were trying to serve him with a subpoena.*

    10. On May 4, 2013, Mr. Thornton called plaintiffs' counsel and informed her that he had spoken to "one of the two new women attorneys" in the case in February of 2013 and had been assured that he did *not* have to appear for a deposition. Mr. Thornton further stated that he was in school in a state he would not identify and that he would be home within a month, although he did intend to return to school for summer classes.

    11. At the Local Rule 37.2 conference on May 7, 2013, plaintiffs' counsel confronted defense counsel with the fact that Mr. Thornton claimed he had spoken to one of them in February. Defense counsel Dana Pesha then admitted that she had spoken to Mr. Thornton in February. Thereafter, defense counsel gave plaintiffs' counsel two telephone numbers for Mr. Thornton that they claimed they had "inadvertently forgotten" to give her previously.

    12. Attached to their motion for an extension of time to take 10 additional depositions, defendants attached an affidavit from Mr. Thornton, *which is clearly drafted by an attorney*, with a

caption and with legal language. The affidavit says Mr. Thornton lives more than 100 miles away, although it does not state where he lives. *Document 89-1.*

13. Mr. Thornton was previously willing to give a deposition when he returns home to Chicago. Now, after speaking with defense counsel, for some reason, he is not.

14. There is no compelling reason why the deposition of Keith Thornton, Jr., *the lynchpin to defendants' entire defense*, has to take place on June 10, 2013, in California, with only six days' notice. There is no reason why defendants should be allowed to pre-empt plaintiffs in their attempt to take Mr. Thornton's deposition first. There is no reason why this deposition has to take place by telephone.

15. Plaintiffs ask the Court to issue a protective order, quashing defendants' "notice of deposition" and barring defendants from taking Keith A. Thornton, Jr.'s deposition in California on June 10, 2013. Plaintiffs ask for the following relief:

> a) That Mr. Thornton's deposition take place by Court order,
>
> b) That plaintiffs be allowed to question Mr. Thornton first,
>
> c) That plaintiffs' counsel be allowed to take the deposition in person, simplifying the use of exhibits, and allowing counsel to evaluate in person Mr. Thornton's credibility, which is seriously in question,
>
> d) That the deposition take place on a mutually convenient date, and
>
> e) That the Court order state that if Mr. Thornton fails to appear for his deposition, any reference to what he may or may not have said to defendant police officers on the date of plaintiffs' arrests, be barred.

16. Defendants failed to resolve this issue directly with plaintiffs' counsel and defendants further failed to allow the Court to deal with these issues in a timely manner when the motions already filed will be heard, on June 12, 2013. This emergency motion is necessary because defense

counsel refuses to cooperate with plaintiffs' counsel and will not allow the Court to resolve this issue in the normal course. As a result, plaintiffs' counsel asks the Court to award attorneys' fees for the bringing of this motion.

      WHEREFORE, plaintiffs request that the Court issue a protective order, quashing defendants' "notice of deposition" and barring defendants from taking Keith A. Thornton, Jr.'s deposition in California on June 10, 2013, and that the Court grant plaintiffs' attorneys' fees.

Dated: June 6, 2013                                     /s/    Irene K. Dymkar
                                                            Irene K. Dymkar

Plaintiffs' Attorney:

Irene K. Dymkar
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123