# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DAVID D. WILBON, RICO M. WILBON,    )
and GEORGE J. SMITH,    )
    )
    Plaintiffs,    )
    )    No. 12 C 1132
    v.    )    Hon. Marvin E. Aspen
    )
JOSEPH M. PLOVANICH, et al.,    )
    )
    Defendants.    )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiffs David Wilbon, Rico Wilbon, and George Smith, ("Plaintiffs"), sued Defendants Joseph Plovanich, Officer Millan, Kevin Graney, Robert Mangan, Sarah McDemott, Noel Esquivel, Antonio Valentin, Mark A. Kushiner, Jorge Cerda, Armando Silva, Jr., and Rafael S. Garcia, ("Defendants"), for numerous claims under 42 U.S.C. § 1983, stemming from their arrests in the early morning hours of April 10, 2010. Presently before us are Plaintiffs' objections to Magistrate Judge Brown's March 9, 2016 order, ("Order" (Dkt. No. 354)), concerning the parties' thirty-six motions in limine. Plaintiffs object to Judge Brown's rulings as to Plaintiffs' first motion in limine, Plaintiffs' ninth motion in limine, Defendants' fourth motion in limine, and Defendants' seventh motion in limine. For the reasons stated below, we accept and adopt Judge Brown's Order.

## BACKGROUND

As the facts presented in this case are set forth in our detailed summary judgment order, we need not repeat them here. (Mem. Order MSJ (Dkt. No. 258).) Briefly, Plaintiffs were

arrested after a witness, Keith Thornton, claimed to have observed Plaintiffs throw objects at a police officer on the 1300 block of North Menard ("the Altercation"). (*Id.* at 2–3.) According to Thornton, after witnessing the incident, he called 911 to report the occurrence and followed Plaintiffs' car until the car stopped at the 15th district police station. (*Id.*) Plaintiffs deny they were present for any disturbance on North Menard that night, and instead claim that they had been socializing with friends and stopped their car in front of the police station to coordinate their plans. (*Id.*) All charges against Plaintiffs were eventually dismissed and they brought this suit against Defendants. (*Id.*) Plaintiffs set forth eight claims against Defendants under 42 U.S.C § 1983: 1) false arrest, 2) unconstitutional search of Plaintiffs' persons, 3) unconstitutional search and seizure of a vehicle and its contents, 4) failure to intervene, 5) supervisory liability, 6) conspiracy, 7) malicious prosecution, and 8) indemnification.

The parties filed a total of 36 motions in limine. (Dkt. Nos. 273–87, 289, 290–308.) We referred the parties' 36 motions to Magistrate Judge Brown. (Dkt. No. 270.) The parties were able to come to an agreement on 16 of their motions, (Dkt. No. 316), and Judge Brown ruled on the 18 remaining motions, (*See* Order). Plaintiffs object to Judge Brown's conclusions as to four of the motions in limine. (*See* Pls.' Obj. (Dkt. 364).)

**STANDARD OF REVIEW**

We can overturn a magistrate's factual findings only if they are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Traharne v. Wayne Scott Fetzer Co.*, 156 F. Supp. 2d 690, 692 (N.D. Ill. 2001). A finding of fact is clearly erroneous only if "the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.* (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948)).

**ANALYSIS**

Plaintiffs object to Judge Brown's ruling on four motions in limine.  (*See* Pls.' Obj.)

Specifically, Plaintiffs contend that Judge Brown erred when she denied: (1) Plaintiffs' first

motion to exclude audio recordings related to the Altercation; and (2) Plaintiffs' ninth motion to

exclude the financial circumstances of Defendant officers.  (*Id*. at 2–4)  Plaintiffs also argue that

Judge Browned erred when she granted Defendants' fourth motion to exclude a hand drawn map

and Defendants' seventh motion to exclude a settlement agreement from a related case.

(*Id*. at 2–4).

I.   **Plaintiffs' First Motion in Limine: Audio Recordings Regarding the Altercation on the 1300 Block of North Menard**

Plaintiffs object to Judge Brown's order denying Plaintiffs' first motion regarding audio

recordings from the night of the Altercation.  (Pls.' Obj. at 2.)  They claim that lengthy audio

recordings from the Altercation are irrelevant and unduly prejudicial.  (*Id*.)  Defendants contend

that communications on the audio recordings are relevant to establish probable cause.

(Resp. (Dkt. No. 364) at 2.)

The court may "exclude relevant evidence if its probative value is substantially

outweighed" by unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

time, or presenting cumulative evidence.  Fed. R. Evid. 403; *United States v. Deluca*,

No.  0 CR 387, 2002 U.S. Dist. LEXIS 3805, at *7–8 (N.D. Ill. Mar. 6, 2002).  "Evidence is

relevant if: (a) it has any tendency to make a fact more or less probable than it would be without

the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401;

*N.J. v. T. L. O*., 469 U.S. 325, 105 S. Ct. 733, 345 (1985); *see Thakore v. Universal Mach. Co. of*

*Pottstown*, 670 F. Supp. 2d 705, 711 (N.D. Ill. 2009).

In this case, a jury must determine whether probable cause existed for the Plaintiffs'

arrest. *See United States v. Sawyer*, 224 F.3d 675, 679 (7th Cir. 2000) (noting that an officer has

probable cause to make an arrest when the facts and circumstances are sufficient to warrant his

belief that the suspect has committed a crime); *United States v. Hanhardt*, 157 F. Supp. 2d 978,

987 (N.D. Ill. 2001). The audio recordings are relevant to a probable cause determination.[1] *See*

*Ochana v. Flores*, 199 F. Supp. 2d 817, 830 (N.D. Ill. 2002) (noting that a probable cause

determination focuses on the information the police officers had at the time of the arrest).

We deny Plaintiffs' objection as to their motion to exclude audio recording from the night

of the Altercation. (*See* Dkt. No. 274.)

## II. Plaintiffs' Ninth Motion: Evidence Concerning the Financial Circumstances of the Defendant Officers

Plaintiffs also object to Judge Brown's Order denying their motion to exclude evidence

of Defendants' financial circumstances. (Pls.' Obj. at 2.) Plaintiffs contend that this information

should be excluded because Defendants refused to disclose their finances during discovery.

(*Id.* at 2.)

In her Order, Judge Brown notes that according to her previous July 19, 2013 discovery

order, Defendants were not obligated to disclose financial information during discovery.

(Order at 4; Minute Entry from July 19, 2013 (Dkt. No. 158).) Additionally, since that ruling

three years ago, Plaintiffs have not sought financial disclosures from Defendants. (Order at 4.)

---

[1] We also note that Plaintiffs have failed to identify the specific portions of the audio recording
they seek to exclude. Excluding such a large quantity of unspecified evidence that is related to
the determination of probable cause is premature. *Hillard v. City of Chi.*, No. 9 C 2017,
2010 WL 1664941, at *2 (N.D. Ill. Apr. 23, 2010) (noting that plaintiff's motion in limine should
be denied because she fails to specify the evidence she wants to exclude); *Kies v. City of Aurora*,
156 F. Supp. 2d 970, 977 (N.D. Ill. 2001) (denying motion in limine where plaintiff's motion
was too general to determine at such an early stage whether evidence concerning probable cause
was admissible).

Defendants' financial conditions are relevant to a punitive damages determination. *Gonzalez v. Olson*, No. 11 C 8356, 2015 WL 3671641, at *7 (N.D. Ill. June 12, 2015) (citing *Kemezy v. Peters*, 79 F.3d 33, 35–37 (7th Cir. 1996)); *Betts v. City of Chi.*, 784 F. Supp. 2d 1020, 1028 (N.D. Ill. 2011); *Maldonado v. Stinar*, No. 08 C 1954, 2010 U.S. Dist. LEXIS 78983, at *18 (N.D. Ill. Aug. 5, 2010). Additionally, we find that Plaintiffs' failure to meet and confer with Defendants after all dispositive motions were resolved waived their untimely disclosure argument. *See Durden v. Semafore Pharmaceuticals, Inc.*, No. 10 C 0054, 2011 WL 5326531, at *3 (S.D. Ill. Nov. 3, 2011). Accordingly, we affirm Judge Brown's ruling denying Plaintiffs' motion to exclude Defendants' financial circumstances.

III.    **Defendants' Fourth Motion in Limine: Use of a Handwritten Map as a Demonstrative Exhibit**

Plaintiffs object to Judge Brown's Order granting Defendants' motion to exclude a map drawn by private investigator Rashaun McGee. (Order at 20–21.) Investigator McGee created the map during a conversation with Thornton regarding what Thornton witnessed on the night of the Altercation. (Dkt. No. 292.) Plaintiffs intend to use the map as an exhibit illustrating the relative location of people and structures on the night in question. (Pls.' Obj. at 4–5.) Judge Brown granted the motion because the "document is not, in fact, 'a map,'" and "McGee did not ask Thornton to sign off on the diagram as a correct and accurate representation." (Order at 20.) Judge Brown determined that the map presented a significant risk that the jury might construe the map as Thornton's accurate description of the events that night. (*Id.*) We agree.

A demonstrative exhibit is not necessarily evidence, but is used as a persuasive, pedagogical tool to help persuade the jury. *Baugh ex rel. v. Cuprum  S.A. de C.V.*, 730 F.3d 701,

706–707 (7th Cir. 2013); *Robenhorst v. Dematic Corp.*, No. 05 C 3192,

2008 U.S. Dist. LEXIS 30040, at *19 (N.D. Ill. Apr. 14, 2008). A demonstrative exhibit can be

excluded under Rule 403, however, if its probative value is outweighed by the danger of unfair

prejudice or misleading the jury. *See In re Air Crash Disaster at John F. Kennedy Int'l Airport.*,

635 F.2d 67, 72–73 (2d Cir. 1980). Although the demonstrative exhibit does not have to be

completely accurate, we agree with Judge Brown that this map creates a significant risk of jury

confusion. *See Roland v. Langlois*, 945 F.2d 956, 963 (7th Cir. 1991); *Lekkas v. Mitsubishi

Motors Corp.*, No. 97 C 6070, 2005 U.S. Dist. LEXIS 26940, at *14–15 (N.D. Ill. Nov. 3, 2005).

We affirm Judge Brown's ruling granting Defendants' motion to exclude the hand drawn map.

## IV.    Defendants' Seventh Motion: Evidence Regarding a Settlement in a Related Case

Finally, Plaintiffs object to Judge Brown's Order granting Defendants' motion to bar

evidence related to the settlement in *Pleas v. Esquival*, No. 11 CV 7718. (Dkt. No. 295.) That

case involved four men who were also arrested during the same incident at issue here.

(Order at 13.) In *Pleas*, the parties settled for $50,000. (*Id.*) Plaintiffs argue that the settlement

is an admission by a party opponent and should be admitted to show that "others . . . also felt

violated and brought a suit." (Pls.' Obj. at 4.)

We agree with Judge Brown that Plaintiffs have not demonstrated that the settlement is

admissible under Rule 801(d)(2) as a statement by a party opponent. Fed. R. Evid. 801(d)(2);

*see Fagbemi v. City of Chi.*, No. 08 C 3736, 2010 U.S. Dist. LEXIS 26347, at *36 (N.D. Ill.

Mar. 19, 2010); *Cebula v. Gen. Elec. Co.*, 614 F. Supp. 260, 266 (N.D. Ill. 1985). Settlements

are not evidence of an admission of the validity or invalidity of the claim. Fed. R. Evid. 408;

*United States v. Lorince*, 773 F. Supp. 1082, 1101–02 (N.D. Ill. 1991); *Cent. Soya Co. v. Epstein

Fisheries, Inc.*, 676 F.2d 939, 944 (7th Cir. 1982). Evidence of a settlement arising out of the

same incident could cause a jury to infer that Defendants have admitted guilt.  *Eichler v. Riddell, Inc.*, No. 95 C 3782, 1997 WL 17809, at *4 (N.D. Ill. Jan. 14, 1997); *Davis v. Rowe*, 91 C 2254, 1993 U.S. Dist. LEXIS 1453, at *5 (N.D. Ill. Feb. 10, 1993).  We affirm Judge Brown's Order granting Defendants' motion to bar reference to the related settlement.

## CONCLUSION

For the reasons set forth above, we overrule Plaintiffs' objections to Judge Brown's Order, which is hereby adopted.  It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: July 21, 2016
      Chicago, Illinois