UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID D. WILBON, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 12 C 1132 |
| v. ) | |
| ) | Magistrate Judge M. David Weisman |
| JOSEPH M. PLOVANICH, et al., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFFS' OBJECTIONS TO USE OF KEITH THORNTON'S DEPOSITION TESTIMONY AT TRIAL

Plaintiffs, DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, by and through their attorneys, Irene K. Dymkar, Shamoyita M. DasGupta, Daniel H. Regenscheit and Torreya L. Hamilton, state the following objections to the testimony of Keith Thornton given at deposition on June 10, 2013, in addition to those hand-written[1] on the deposition transcript attached hereto as Exhibit A:

**Testimony of Alleged Observations and Events Prior to Thornton's Arrival at the Police Station**

Plaintiffs object to use by defendants as affirmative evidence of all testimony by Keith Thornton of anything he saw, heard, or did prior to his arrival at the 15th District station of the Chicago Police Department (81:15 - 134:21; 183:18 - 184:2: 184:10 - 185:21; 187:15 - 23). All alleged observations in the area of West Division and North Menard, and before and after, are irrelevant to the issue of probable cause and prejudicial, and would be misleading and confusing for the jury. What Thornton did or did not observe cannot be used to justify plaintiffs' arrest,

---

1. The version of this document tendered to defendants' counsel on May 12, 2017 contained an error. No hand-written notes are written on the deposition transcript.

because it was never communicated to defendant officers. Collective knowledge doctrine does not apply to knowledge of a tipster that is not communicated to defendant officers. Probable cause is dependent on what the officers knew, not what Thornton might have known.

Should the Court not agree with plaintiffs that Thornton's alleged observations are not admissible, then plaintiffs move (without waiving these objections) to have the testimony marked in orange in the deposition transcript attached as Exhibit A also admitted.

Plaintiffs also reserve the right to use any of this testimony to impeach or as rebuttal, depending on the testimony of defendant officers at trial and the deposition testimony of Thornton admitted.

Testimony of "Show-Up" and Alleged Conversations with Female and Male Officers

Plaintiffs object to use by defendants as affirmative evidence of all testimony by Keith Thornton of alleged conversations with a male and a female officer and his alleged drive-by show-up (147:12 - 149:6; 149:10 - 12; 149:19 - 20; 150:10 - 154:6; 156:4 - 159:21; 160:23 - 162:7; 164:3 - 14; 167:2 - 3). These two officers are not defendants and were never identified throughout the whole case. They did not appear on event queries or attendance and assignment sheets and, most important, the defendants never testified that this show-up occurred or that they relied on any information from the show-up. Putting aside the distinct possibility that Thornton made this up, if information from the phantom officers was not communicated to defendants (see 161:17 - 19; 164:11 - 14) and defendants do not say that it was communicated to them, then the collective knowledge doctrine does not apply. Moreover, any alleged conversations between Thornton and the male and female officer are hearsay, that is, statements previously made and offered in evidence to prove the truth of the matter asserted in the statements. Fed. R. Evid. 801(c). As such, they are inadmissible.

Should the Court not agree with plaintiffs that all testimony by Keith Thornton of alleged conversations with a male and a female officer and his alleged drive-by show-up is not admissible, then plaintiffs move (without waiving these objections) to have the testimony marked in orange in the deposition transcript attached as Exhibit A also admitted.

Plaintiffs also reserve the right to use any of this testimony to impeach or as rebuttal, depending on the testimony of defendant officers at trial and the deposition testimony of Thornton admitted.

### Testimony of a 911 Call

Plaintiffs object to use by defendants as affirmative evidence of all testimony by Keith Thornton of, or reference to, an alleged protracted 911 call that Thornton said lasted from when he left North Menard and West Potomac until he arrived two miles away at the 15th District station of the Chicago Police Department, that would have been a good 10 or 15 minutes in length (105:13 - 14; 107:14 - 108:4; 112:13 - 17; 112:23 - 113:1; 114:10 - 11; 116: 7 - 9; 126:17 - 19; 130:22 - 131:15; 133:15 - 134:21; 137:24 - 25; 141:3 - 4; 141:21 - 25; 180:9 - 181:3). This false testimony would be misleading to the jury. Thornton's claim that there was a 911 call is contradicted by objective, digital evidence. Not only was there no such oral call recorded, but *there is no Event Number for such a call.* An Event Number is automatically generated whenever there is a 911 call. Data for the call would include the caller's name, the caller's number, the location of the problem, and the text of the telephone call. Even if the City claims that it violated the criminal court order and did not preserve the oral recording beyond its 30-day retention period, the Event would still exist because there is no purging. There is no Event, so there was no call. Adding to the impossibility of Thornton's claimed 911 call is the reality that the call taker would not have stayed on the line for 10 - 15 minutes while Thornton narrated his

alleged pursuit of a bottle thrower.

Should the Court not agree with plaintiffs that all testimony by Keith Thornton of an alleged 911 call is not admissible, then plaintiffs move (without waiving these objections) to have the testimony marked in orange in the deposition transcript attached as Exhibit A also admitted.

Plaintiffs also reserve the right to use any of this testimony to impeach or as rebuttal, depending on the testimony of defendant officers at trial and the deposition testimony of Thornton admitted.

### Hearsay Testimony of What Lt. McDermott "Verified"

Plaintiffs object to Thornton's speculative and hearsay testimony as to what Lt. Dermott "verified" in her telephone calls to the 25th District (141:7 - 8; 144:4 - 14; 155:5). Thornton clearly did not hear what Lt. McDermott heard in her "verification" calls. In fact, he did not even hear what Lt. McDermott said during the calls (155:10 - 23). This was not first-hand information and these statements are speculative and hearsay, that is, previous statements made and offered in evidence to prove the truth of the matter asserted in the statements. Fed. R. Evid. 801(c). They are inadmissible.

### Testimony of Conversations and Happenings in Criminal Court

Plaintiffs object to use by defendants as affirmative evidence of all testimony by Keith Thornton of what he said, or what was said to him, in the criminal court (170:20 - 177:20). Conversations between Thornton and the Assistant State's Attorney are hearsay, that is, statements previously made and offered in evidence to prove the truth of the matter asserted in the statements. Fed. R. Evid. 801(c). As such, they are inadmissible. Moreover, gratuitous

testimony by Thornton about being "afraid" of plaintiff David Wilbon's family (his sister and his mother) is irrelevant and prejudicial (e.g., 172:16 - 24).

Should the Court not agree with plaintiffs that all testimony by Keith Thornton of conversations in criminal court is not admissible, then plaintiffs move (without waiving these objections) to have the testimony marked in orange in the deposition transcript attached as Exhibit A also admitted.

Plaintiffs also reserve the right to use any of this testimony to impeach or as rebuttal, depending on the testimony of defendant officers at trial and the deposition testimony of Thornton admitted.

### Admission of Additional Identifying Information

Plaintiffs object to admission of identifying information for Keith Thornton, without the information plaintiffs have designated from 24:21 - 37:08 that is also relevant, which includes information as to what Thornton looks like, where he lived, and his familiarity with the area where this all occurred.

### Contacts and Refusal to Meet with Private Investigator Rashaun McGee

Plaintiffs object to the deletion of testimony regarding Thornton's contact with Investigator Rashaun McGee (46:19 - 50:05). McGee will be called as a witness at trial to impeach Thornton.

### Bias and Untruthfulness Shown in Communications and Cooperation with Defendants' Counsel

Plaintiffs object to the deletion of testimony regarding the number of times Thornton contacted defense counsel for advice and his untruthfulness under oath as to his dealings with defense counsel, including testifying that he had drafted an affidavit that in fact defense counsel had drafted for him to sign (37:23 - 46:18; 48:20 - 56:04; 181:8 - 183:17; 185:22 - 187:7).

**Continuing Objection to Testimony that Thornton is a Police Officer**

Plaintiffs seek to avoid a waiver of their objection to testimony that Thornton became a Los Angeles police officer after this event (33:24 - 34:05; 34:22 - 35:13; 64:15 - 20). Therefore, they reassert their objection at this time.

WHEREFORE, plaintiffs ask the Court to bar affirmative use by defendants of the above-described deposition testimony of Keith Thornton and to allow additional deposition testimony into evidence as set forth above and as denoted on the transcript attached as Exhibit A.


Dated: May 12, 2017                                          /s/    Irene K. Dymkar
                                                                    Irene K. Dymkar

Plaintiffs' Attorneys:

Irene K. Dymkar
Shamoyita M. DasGupta
Daniel H. Regenscheit
Law Offices of Irene K. Dymkar
53 West Jackson, Suite 562
Chicago, IL 60604
(312) 345-0123

Torreya L. Hamilton
Hamilton Law Office, LLC
53 West Jackson, Suite 452
Chicago, IL60604
(312) 726-3173

## CERTIFICATE OF SERVICE

  I, Daniel H. Regenscheit, an attorney, certify that on the 6th day of June, 2017, a copy of PLAINTIFFS' OBJECTIONS TO USE OF KEITH THORNTON'S DEPOSITION TESTIMONY AT TRIAL was served upon the attorneys named below by email and through the Court's electronic filing system:

    Dana M. O'Malley
    Kristin M. Pinkston
    Mark D. Winistorfer
    City of Chicago Department of Law
    30 N. LaSalle, Suite 900
    Chicago, IL 60602

Dated: June 6, 2017          /s/ Daniel H. Regenscheit
                 Daniel H. Regenscheit