UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH, ) ) ) Plaintiffs, ) ) vs. ) ) JOSEPH M. PLOVANICH, OFFICER MILLAN ) (Star #6082), KEVIN A. GRANEY, ROBERT ) MANGAN, MICHAEL T. KARCZEWSKI, ) SARAH McDERMOTT, NOEL ESQUIVEL, ) ANTONIO J. VALENTIN, MARK A. KUSHINER,) JORGE CERDA, ARMANDO SILVA, JR., ) RAFAEL S. GARCIA, J.J. GORZKOWSKI, ) UNKNOWN OFFICERS OF THE CHICAGO ) POLICE DEPARTMENT and CITY OF CHICAGO) ) Defendants. ) | Case No. 12 C 01132  JUDGE MARVIN E. ASPEN  Magistrate Judge Soat-Brown |

### DEFENDANT LIEUTENANT MCDERMOTT'S ANSWER TO PLAINTIFFS' FIRST SET OF REQUESTS TO ADMIT

Defendant Lieutenant McDermott for her answer to Plaintiffs' first set of Requests to Admit, states as follows:

1)   Sarah McDermott was on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott denies this request to admit.**

2a)   Sarah McDermott did not see David D. Wilbon on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott admits this request to admit.**

2b)   Sarah McDermott did not see Rico M. Wilbon on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott admits this request to admit.**

2c)   Sarah McDermott did not see George J. Smith on the 1300 block of N. Menard

Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott admits this request to admit.**

    3a)    Sarah McDermott did not see David D. Wilbon fighting on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott objects to this request to admit on the ground that the term "fighting" is ambiguous. Subject to and without waiving said objection, McDermott admits this request to admit.**

    3b)    Sarah McDermott did not see Rico M. Wilbon fighting on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott objects to this request to admit on the ground that the term "fighting" is ambiguous. Subject to and without waiving said objection, McDermott admits this request to admit.**

    3c)    Sarah McDermott did not see George J. Smith fighting on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott objects to this request to admit on the ground that the term "fighting" is ambiguous. Subject to and without waiving said objection, McDermott admits this request to admit.**

    4a)    Sarah McDermott did not see David D. Wilbon yelling on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott objects to this request to admit on the ground that the term "yelling" is ambiguous. Subject to and without waiving said objection, McDermott admits this request to admit.**

    4b)    Sarah McDermott did not see Rico M. Wilbon yelling on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott objects to this request to admit on the ground that the term "yelling" is ambiguous. Subject to and without waiving said objection, McDermott admits**

this request to admit.

4c) Sarah McDermott did not see George J. Smith yelling on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott objects to this request to admit on the ground that the term "yelling" is ambiguous. Subject to and without waiving said objection, McDermott admits this request to admit.**

5a) Sarah McDermott did not see David D. Wilbon throwing bottles while on the public way on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott admits this request to admit.**

5b) Sarah McDermott did not see Rico M. Wilbon throwing bottles while on the public way on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott admits this request to admit.**

5c) Sarah McDermott did not see George J. Smith throwing bottles while on the public way on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott admits this request to admit.**

6) Sarah McDermott did not see David D. Wilbon throw a glass beer bottle at Chicago Police Officer Millan on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott admits this request to admit.**

7) Sarah McDermott did not see David D. Wilbon throw a glass beer bottle at any Chicago police officer on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott admits this request to admit.**

8a) Sarah McDermott did not observe David D. Wilbon committing any crimes on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott objects to this request to admit on the ground that the term**

"observe" is ambiguous. Subject to and without waiving said objection, McDermott admits that she did not see David D. Wilbon commit any crimes on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

       8b)     Sarah McDermott did not observe Rico M. Wilbon committing any crimes on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott** objects to this request to admit on the ground that the term "observe" is ambiguous. Subject to and without waiving said objection, McDermott admits that she did not see Rico M. Wilbon commit any crimes on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

       8c)     Sarah McDermott did not observe George J. Smith committing any crimes on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott** objects to this request to admit on the ground that the term "observe" is ambiguous. Subject to and without waiving said objection, McDermott admits that she did not see George J. Smith commit any crimes on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

       9a)     Sarah McDermott does not claim he had probable cause to arrest David D. Wilbon based on any observations he himself made of David D. Wilbon on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott** objects to this request to admit on the ground that the term "observations" is ambiguous and that she has no way to verify whether an unknown person "he" had probable cause based on any observations "he himself" made of David Wilbon on the 1300 block of N. Menard. Moreover, "Rule 36 responses become, in effect, sworn evidence that is binding upon the respondent at trial. [Defendant] is not compelled to be bound by a version of events presented by third parties. . .." <u>T. Rowe Price Small-Cap Fund, Inc., v. Oppenheimer & Co.</u>, 174 F.R.D. 38, 44 (S.D.N.Y. 1997). Therefore,

McDermott can neither admit nor deny this request to admit.

    9b) Sarah McDermott does not claim he had probable cause to arrest Rico M. Wilbon based on any observations he himself made of Rico M. Wilbon on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

ANSWER: McDermott objects to this request to admit on the ground that the term "observations" is ambiguous and that she has no way to verify whether an unknown person "he" had probable cause based on any observations "he himself" made of David Wilbon on the 1300 block of N. Menard. Moreover, "Rule 36 responses become, in effect, sworn evidence that is binding upon the respondent at trial. [Defendant] is not compelled to be bound by a version of events presented by third parties. . .." T. Rowe Price Small-Cap Fund, Inc., v. Oppenheimer & Co., 174 F.R.D. 38, 44 (S.D.N.Y. 1997). Therefore, McDermott can neither admit nor deny this request to admit.

    9c) Sarah McDermott does not claim he had probable cause to arrest George J. Smith based on any observations he himself made of George J. Smith on the 1300 block of N. Menard Street, Chicago, IL, at approximately 2:00 AM on April 10, 2010.

ANSWER: McDermott objects to this request to admit on the ground that the term "observations" is ambiguous and that she has no way to verify whether an unknown person "he" had probable cause based on any observations "he himself" made of David Wilbon on the 1300 block of N. Menard. Moreover, "Rule 36 responses become, in effect, sworn evidence that is binding upon the respondent at trial. [Defendant] is not compelled to be bound by a version of events presented by third parties. . .." T. Rowe Price Small-Cap Fund, Inc., v. Oppenheimer & Co., 174 F.R.D. 38, 44 (S.D.N.Y. 1997). Therefore, McDermott can neither admit nor deny this request to admit.

    10) Sarah McDermott was on the 5700 block of W Madison Street, Chicago, IL across from the Chicago Police Department, 15th District station, at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott admits this request to admit.**

11 a) Sarah McDermott observed David D. Wilbon in a vehicle on the 5700 block of W. Madison, Chicago, IL, at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott objects to this request to admit on the ground that the term "observed" is ambiguous. Subject to and without waiving said objection, McDermott admits that she saw one or more individuals, one of whom may have been David D. Wilbon, in a vehicle on the 5700 block of W. Madison, Chicago, IL, at approximately 2:30 AM on April 10, 2010.**

11 b) Sarah McDermott observed Rico M. Wilbon in a vehicle on the 5700 block of W. Madison, Chicago, IL, at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott objects to this request to admit on the ground that the term "observed" is ambiguous. Subject to and without waiving said objection, McDermott admits that she saw one or more individuals, one of whom may have been Rico M. Wilbon, in a vehicle on the 5700 block of W. Madison, Chicago, IL, at approximately 2:30 AM on April 10, 2010.**

11c) Sarah McDermott observed David D. Wilbon in a vehicle on the 5700 block of W. Madison, Chicago, IL, at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott objects to this request to admit on the ground that the term "observed" is ambiguous. Subject to and without waiving said objection, McDermott admits that she saw one or more individuals, one of whom may have been David D. Wilbon, in a vehicle on the 5700 block of W. Madison, Chicago, IL, at approximately 2:30 AM on April 10, 2010.**

12a) Sarah McDermott did not observe David D. Wilbon commit any crimes while on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott objects to this request to admit on the ground that the term**

"observe" is ambiguous. Subject to and without waiving said objection, McDermott admits that she did not see David D. Wilbon commit any crimes while on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

       12b)    Sarah McDermott did not observe Rico M. Wilbon commit any crimes while on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

ANSWER: McDermott objects to this request to admit on the ground that the term "observe" is ambiguous. Subject to and without waiving said objection, McDermott admits that she did not see Rico M. Wilbon commit any crimes while on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

       12c)    Sarah McDermott did not observe George J. Smith commit any crimes while on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

ANSWER: McDermott objects to this request to admit on the ground that the term "observe" is ambiguous. Subject to and without waiving said objection, McDermott admits that she did not see George J. Smith commit any crimes while on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

       13a)    Based on his own observations, Sarah McDermott cannot state any facts to support probable cause to believe that David D. Wilbon was committing any crimes while on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

ANSWER: McDermott objects to this request to admit on the ground that the term "observations" is ambiguous and that she has no way to verify "his observations," without knowing whose observations this request to admit relates to. Moreover, "Rule 36 responses become, in effect, sworn evidence that is binding upon the respondent at trial. [Defendant] is not compelled to be bound by a version of events presented by third parties. . .." T. Rowe Price Small-Cap Fund, Inc., v. Oppenheimer & Co., 174 F.R.D. 38, 44 (S.D.N.Y. 1997). Therefore, McDermott can neither admit nor deny this request to admit.

13b)   Based on his own observations, Sarah McDermott cannot state any facts to support probable cause to believe that Rico M. Wilbon was committing any crimes while on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott objects to this request to admit on the ground that the term "observations" is ambiguous and that she has no way to verify "his observations," without knowing whose observations this request to admit relates to.  Moreover, "Rule 36 responses become, in effect, sworn evidence that is binding upon the respondent at trial. [Defendant] is not compelled to be bound by a version of events presented by third parties. . .." T. Rowe Price Small-Cap Fund, Inc., v. Oppenheimer & Co., 174 F.R.D. 38, 44 (S.D.N.Y. 1997). Therefore, McDermott can neither admit nor deny this request to admit.**

13c)   Based on his own observations, Sarah McDermott cannot state any facts to support probable cause to believe that George J. Smith was committing any crimes while on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott objects to this request to admit on the ground that the term "observations" is ambiguous and that she has no way to verify "his observations," without knowing whose observations this request to admit relates to.  Moreover, "Rule 36 responses become, in effect, sworn evidence that is binding upon the respondent at trial. [Defendant] is not compelled to be bound by a version of events presented by third parties. . .." T. Rowe Price Small-Cap Fund, Inc., v. Oppenheimer & Co., 174 F.R.D. 38, 44 (S.D.N.Y. 1997). Therefore, McDermott can neither admit nor deny this request to admit.**

14a)   Sarah McDermott does not claim that he had probable cause to believe that David D. Wilbon was committing any crimes while on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010, based on his own observations.

**ANSWER: McDermott objects to this request to admit on the ground that the term "observations" is ambiguous and that she has no way to verify whether an unknown person "he" had probable cause based on "his own observations."  Moreover, "Rule 36 responses**

become, in effect, sworn evidence that is binding upon the respondent at trial. [Defendant] is not compelled to be bound by a version of events presented by third parties. . .." <u>T. Rowe Price Small-Cap Fund, Inc., v. Oppenheimer & Co.</u>, 174 F.R.D. 38, 44 (S.D.N.Y. 1997). Therefore, McDermott can neither admit nor deny this request to admit.

14b)   Sarah McDermott does not claim that he had probable cause to believe that Rico M. Wilbon was committing any crimes while on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010, based on his own observations.

**ANSWER:** McDermott objects to this request to admit on the ground that the term "observations" is ambiguous and that she has no way to verify whether an unknown person "he" had probable cause based on "his own observations." Moreover, "Rule 36 responses become, in effect, sworn evidence that is binding upon the respondent at trial. [Defendant] is not compelled to be bound by a version of events presented by third parties. . .." <u>T. Rowe Price Small-Cap Fund, Inc., v. Oppenheimer & Co.</u>, 174 F.R.D. 38, 44 (S.D.N.Y. 1997). Therefore, McDermott can neither admit nor deny this request to admit.

14c)   Sarah McDermott does not claim that he had probable cause to believe that George J. Smith was committing any crimes while on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010, based on his own observations.

**ANSWER:** McDermott objects to this request to admit on the ground that the term "observations" is ambiguous and that she has no way to verify whether an unknown person "he" had probable cause based on "his own observations." Moreover, "Rule 36 responses become, in effect, sworn evidence that is binding upon the respondent at trial. [Defendant] is not compelled to be bound by a version of events presented by third parties. . .." <u>T. Rowe Price Small-Cap Fund, Inc., v. Oppenheimer & Co.</u>, 174 F.R.D. 38, 44 (S.D.N.Y. 1997). Therefore, McDermott can neither admit nor deny this request to admit.

15) The vehicle that David D. Wilbon, Rico M. Wilbon, and George J. Smith were in on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010, was legally parked.

**ANSWER: McDermott objects to this request to admit on the ground that it calls for a legal conclusion (*i.e.*, whether the vehicle was "legally parked"). Subject to and without waiving said objection, McDermott states that she has made a reasonable inquiry and the information known or readily obtainable to her is insufficient to enable her to admit or deny the truth of the matter set forth in this request.**

16) Sarah McDermott had no probable cause to believe that the driver of the vehicle that David D. Wilbon, Rico M. Wilbon, and George J. Smith were in on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010 was committing any violation of any traffic law.

**ANSWER: McDermott objects to this request to admit on the ground that it calls for a legal conclusion (*i.e.*, whether the driver of the vehicle committed "any violation of any traffic law"). Subject to and without waiving said objection, McDermott states that she has made a reasonable inquiry and the information known or readily obtainable to her is insufficient to enable her to admit or deny the truth of the matter set forth in this request.**

17a) Sarah McDermott stopped David D. Wilbon on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott objects to this request to admit on the ground that the term "stopped" is ambiguous. Subject to and without waiving said objection, McDermott admits that she did not stop the vehicle that David D. Wilbon was in on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.**

17b) Sarah McDermott stopped Rico M. Wilbon on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott objects to this request to admit on the ground that the term "stopped" is ambiguous. Subject to and without waiving said objection, McDermott**

admits that she did not stop the vehicle that Rico M. Wilbon was in on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

17c) Sarah McDermott stopped George J. Smith on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott objects to this request to admit on the ground that the term "stopped" is ambiguous. Subject to and without waiving said objection, McDermott admits that she did not stop the vehicle that George J. Smith was in on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.**

18a) Sarah McDermott arrested David D. Wilbon on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott denies this request to admit.**

18b) Sarah McDermott arrested Rico M. Wilbon on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott denies this request to admit.**

18c) Sarah McDermott arrested George J. Smith on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott denies this request to admit.**

19a) Sarah McDermott was present when David D. Wilbon was arrested on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott states that she has made a reasonably inquiry and the information known or readily obtainable to her is insufficient to enable her to admit or deny the truth of the matter set forth in this request. McDermott states that she was present when one or more individuals, one of whom may have been David D. Wilbon, was arrested on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.**

19b) Sarah McDermott was present when Rico M. Wilbon was arrested on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott states that she has made a reasonably inquiry and the information known or readily obtainable to her is insufficient to enable her to admit or deny the truth of the matter set forth in this request. McDermott states that she was present when one or more individuals, one of whom may have been Rico M. Wilbon, was arrested on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.**

19c)  Sarah McDermott was present when George J. Smith was arrested on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott states that she has made a reasonably inquiry and the information known or readily obtainable to her is insufficient to enable her to admit or deny the truth of the matter set forth in this request. McDermott states that she was present when one or more individuals, one of whom may have been George J. Smith, was arrested on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.**

20)  Sarah McDermott never spoke to Kevin Thornton on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott denies that she never spoke to Kevin Thornton or Keith Thornton on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.**

21)  Sarah McDermott never heard Kevin Thornton say anything on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.

**ANSWER: McDermott denies that she never heard Kevin Thornton or Keith Thornton say anything on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010.**

22a)  Sarah McDermott never talked to any witness who stated that he saw David D. Wilbon commit any crimes on the 1300 block of N. Menard, Chicago, Illinois at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott denies this request to admit.**

22b) Sarah McDermott never talked to any witness who stated that he saw Rico M. Wilbon commit any crimes on the 1300 block of N. Menard, Chicago, Illinois at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott denies this request to admit.**

22c) Sarah McDermott never talked to any witness who stated that he saw George J. Smith commit any crimes on the 1300 block of N. Menard, Chicago, Illinois at approximately 2:00 AM on April 10, 2010.

**ANSWER: McDermott denies this request to admit.**

23) Sarah McDermott never talked to any witness on the 5700 block of W. Madison in Chicago, Illinois at approximately 2:30 AM on April 10, 2010, regarding events occurring on the 1300 block of N. Menard, Chicago, Illinois.

**ANSWER: McDermott denies this request to admit.**

24a) Nothing Kevin Thornton said to Sarah McDermott gave him probable cause to believe that David D. Wilbon had committed any criminal acts.

**ANSWER: McDermott objects to this request to admit on the ground she has no way to verify whether an unknown person "him" had probable cause to believe that David D. Wilbon had committed any criminal acts. Moreover, "Rule 36 responses become, in effect, sworn evidence that is binding upon the respondent at trial. [Defendant] is not compelled to be bound by a version of events presented by third parties...." T. Rowe Price Small-Cap Fund, Inc., v. Oppenheimer & Co., 174 F.R.D. 38, 44 (S.D.N.Y. 1997). Therefore, McDermott can neither admit nor deny this request to admit.**

24b) Nothing Kevin Thornton said to Sarah McDermott gave him probable cause to believe that David D. Wilbon had committed any criminal acts.

**ANSWER: McDermott objects to this request to admit on the ground she has no way to verify whether an unknown person "him" had probable cause to believe that David D. Wilbon had committed any criminal acts. Moreover, "Rule 36 responses become, in effect, sworn evidence that is binding upon the respondent at trial. [Defendant] is not compelled**

to be bound by a version of events presented by third parties. . ..” <u>T. Rowe Price Small-Cap Fund, Inc., v. Oppenheimer & Co.</u>, 174 F.R.D. 38, 44 (S.D.N.Y. 1997). Therefore, McDermott can neither admit nor deny this request to admit.

24c) Nothing Kevin Thornton said to Sarah McDermott gave him probable cause to believe that David D. Wilbon had committed any criminal acts.

**ANSWER: McDermott objects to this request to admit on the ground she has no way to verify whether an unknown person "him" had probable cause to believe that David D. Wilbon had committed any criminal acts. Moreover, "Rule 36 responses become, in effect, sworn evidence that is binding upon the respondent at trial. [Defendant] is not compelled to be bound by a version of events presented by third parties. . ..”** <u>T. Rowe Price Small-Cap Fund, Inc., v. Oppenheimer & Co.</u>, **174 F.R.D. 38, 44 (S.D.N.Y. 1997). Therefore, McDermott can neither admit nor deny this request to admit.**

25a) Sarah McDermott did not appear in court at any hearing or trial to testify against or trial to testify against David D. Wilbon for criminal charges brought on April 10, 2010.

**ANSWER: McDermott admits this request to admit.**

25b) Sarah McDermott did not appear in court at any hearing or trial to testify against Rico M. Wilbon for criminal charges filed on April 10, 2010.

**ANSWER: McDermott admits this request to admit.**

25c) Sarah McDermott did not appear in court at any hearing or trial to testify against George J. Smith for criminal charges filed on April 10, 2010.

**ANSWER: McDermott admits this request to admit.**

26a) The criminal charges filed on April 10, 2010, against David D. Wilbon were stricken on leave to re-file.

**ANSWER: Upon information and belief, McDermott admits this request to admit.**

26b) The criminal charges filed on April 10, 2010, against Rico M. Wilbon were stricken on leave to re-file.

**ANSWER: Upon information and belief, McDermott admits this request to admit.**

26c) The criminal charges filed on April 10, 2010, against George J. Smith were stricken on leave to re-file.

**ANSWER: Upon information and belief, McDermott admits this request to admit.**

27a) Sarah McDermott never requested the State's Attorney's Office reinstate the criminal charges filed against David D. Wilbon on April 10, 2010, after they were stricken on leave to re-file.

**ANSWER: McDermott admits this request to admit.**

27b) Sarah McDermott never requested that the State's Attorney's Office reinstate the criminal charges filed against Rico M. Wilbon on April 10, 2010, after they were stricken on leave to re-file.

**ANSWER: McDermott admits this request to admit.**

27c) Sarah McDermott never requested that the State's Attorney's Office reinstate the criminal charges filed against George J. Smith on April 10, 2010, after they were stricken on leave to re-file.

**ANSWER: McDermott admits this request to admit.**

**DATED: July 26, 2012**

Respectfully submitted,

SUNIL BHAVE
Assistant Corporation Counsel

City of Chicago, Law Department
30 N. LaSalle St., Suite 900
Chicago, Illinois 60602
(312) 742-0305
Attorney No. 06285750

## CERTIFICATE OF SERVICE

I hereby certify that I have served this Lieutenant McDermott's Answers and Objections to Plaintiffs' Request to Admit by causing them to be delivered via hand delivery, this 26th day of July, 2012 to

Irene Dymkar
Attorney for Plaintiffs

_____
SUNIL BHAVE
Assistant Corporation Counsel

City of Chicago, Law Department
30 N. LaSalle, Suite 900
Chicago, Illinois 60602
(312) 744-0742
Attorney No. 06285750