IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID D. WILBON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | 12-CV-01132 |
| | ) | |
| v. | ) | Judge M. David Weisman |
| | ) | |
| JOSEPH M. PLOVANICH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**BOARD OF EDUCATION OF THE CITY OF CHICAGO'S MOTION
TO QUASH PLAINTIFF'S SUBPOENA TO CALL THE BOARD'S RECORD
CUSTODIAN AND FOR SANCTIONS**

The Board of Education of the City of Chicago (Board) moves to quash Plaintiff's request to have the Board's record custodian testify at trial on July 23, 2018 and seeks sanctions against Plaintiff under Federal Rule of Civil Procedure 45 for imposing an undue burden on the Board.

**STATEMENT OF FACTS**

**A.    Plaintiff's Subpoenas: July 9, 2018.**

On July 9, 2018, near the close of business, Plaintiff served the Board with three subpoenas directed to Mary Ernesti, the Director of Employment Engagement; Matt Lyons, the Chief Talent Officer; and Mark Coker, the Student Adjudication Specialist with the Law Department. Exhibit (Ex.) 1. The subpoenas requested the following information of the three individuals: (1) to identify and authenticate David Wilbon's personnel records attached at Plaintiff's Exhibit 19 and to testify that those documents were business records kept in the ordinary course of business; (2) to verify that position number 155314 was for a factor custodian position; (3) to verify that David Wilbon was offered the factor custodian position in August 2010; and (4) to testify as to the payscale for factor custodian and custodian positions in September 2010. *Id.* at 3, 31, 38.

1

The individuals who Plaintiff subpoenaed – Matt Lyons, Mary Ernesti and Mary Coker – are not the Board's records custodian and could not opine on the Board's record keeping requirements. Further, they lacked any personal knowledge to answer the subpoenaed information about Plaintiff's employment history. Because Plaintiff had subpoenaed the wrong individuals, the Law Department attempted to find someone who could answer his specific requests. First, the Law Department provided Plaintiff's Exhibit 19 to the Board's record custodian, who was able to verify that certain documents found in that exhibit were Board records found in Plaintiff's personnel file. *See* Ex. 2 at ¶ 4. Second, the Law Department spoke with the Board's human resources department to find someone with personal knowledge who could answer Plaintiff's other subpoena requests.

On July 13, 2018, Board counsel provided Plaintiff with a declaration from its records custodian which comported with Federal Rule of Evidence (Rule) 803(6) and 902(11). Ex. 3; *see also* Ex. 4. In that declaration, the Board's record custodian verified that the Board documents found in Plaintiff's Exhibit 19 came from his personnel file, were made at or near the time based on information transmitted by and with someone with knowledge, were kept in the course of a regularly conducted business activity of the Board, and that the making such records was a regular practice of the Board. Ex. 4 at ¶ 4. The Board's record custodian also noted that Plaintiff's Exhibit 19 contained documents from the Federal Bureau of Investigation (FBI) and the Illinois State Police. *Id.* at ¶ 5. While she could not verify the accuracy of those documents because they were not created by the Board, she did indicate that the FBI and Illinois state police documents were a part of Plaintiff's personnel file. *Id.* That same day, Board counsel e-mailed Plaintiff's counsel and noted that the Board was unable to find someone who could answer Plaintiff's remaining requests but was still looking for a witness. Ex. 3 at 1-2.

Board counsel attended the trial call on Monday, July 16, 2018. Before the start of voir dire, Board counsel spoke with Plaintiff's counsel and Defendants' counsel. During the conversation,

2

Plaintiff reiterated his need for the Board's record custodian to authenticate documents from his personnel file. He also requested authentication of the Employee Position Files webpage.[1]

On the evening of July 16, 2018, the Board again e-mailed Plaintiff a copy of the record custodian's July 13, 2018 declaration. Ex. 5 at 1. In that e-mail, Board counsel noted that the record custodian was able to authenticate all of the Board's records found in his personnel file and directed Plaintiff to Paragraph 4 of her declaration. *Id.* Board counsel also noted that the Board's record custodian had verified that the FBI and Illinois State Police documents were provided to the Board as a part of its background investigation and were a part of Plaintiff's personnel file. *Id.* Board counsel directed Plaintiff to Paragraph 5 as proof. *Id.* at 1-2. Regarding the Employee Position Files webpage, Board counsel objected to providing a web custodian to authenticate the document because it was not a part of Plaintiff's original subpoena request; however, he noted that the Board was willing to stipulate that the Employee Position Files webpage was from a public website maintained by the Board. *Id.* at 2. Board counsel also provided Plaintiff with a declaration from Lauren Clair-McClellan, Director of Human Resource Operations, which verified that position number 155314 was for a factor custodian position. *Id.* at 1; *see also* Ex. 6 at ¶¶ 4-5.

Finally, Board counsel informed Plaintiff that the Board was unable to find a witness with personal knowledge about his remaining subpoena requests. Ex. 5 at 2-3. Board counsel raised a number of objections to Plaintiff's remaining requests. First, Board counsel objected to calling a web custodian to testify about the information found in the spreadsheets on the Employee Position Files site. *Id.* at 2. A web custodian can authenticate that the spreadsheets found on the Employee Position Files site came from a public webpage maintained by the Board. *Id.* That custodian, however, would not be able to answer if the salary and benefit information found in a particular

---

[1] Available at https://cps.edu/About_CPS/Financial_information/Pages/EmployeePositionFiles.aspx.

spreadsheet correlated to the salary and benefits Plaintiff would have earned had he been offered a position with the Board. *Id.* at 2-3; *see also* Ex. 9 at 5. Instead, as Board counsel noted, Plaintiff would require someone familiar with the Board's hiring practices and the collective bargaining agreement with the Services Employees International Union – the labor union representing the Board's custodial services – to lay a foundation about salary and benefit history. Ex. 5 at 3.

Second, Board counsel objected to calling the record custodian, Matt Lyons, Mary Ernesti and Mary Coker to testify about Plaintiff's employment history with the Board because they lacked personal knowledge about it. *Id.* at 1. In this regard, Board counsel objected to Plaintiff's subpoena requests under Federal Rule of Civil Procedure 45 because he failed to take reasonable steps to avoid imposing an undue burden on the Board. *Id.* at 3. Specifically, Plaintiff's case was filed on February 16, 2012. Questions going to Plaintiff's alleged damages – in this case the loss of a prospective job offer from the Board – should have been a part of the parties' discovery during the six years they had to develop the case. *Id.* The Board, however, did not receive a subpoena request regarding Plaintiff's employment and salary history until the evening of July 9, 2018 – some four business days before trial was scheduled to start on July 16, 2018. *Id.*

On July 18, 2018, Plaintiff's counsel contacted Board counsel and indicated that she intended to call the Board's record custodian to testify at trial on Monday, July 23, 2018, notwithstanding the fact that the Board has already provided him with a declaration under Rule 803(6) and 902(11). Ex. 7 at 2-3. That same day, Board counsel asked Plaintiff's counsel to clarify her intent in calling the Board's record custodian to testify. *Id.* at 1-2. In that e-mail, Board counsel raised the same objections that he had been making to Plaintiff and warned Plaintiff that, if he continued to insist in calling the Board's record custodian when doing so was not needed, the Board intended to file a motion to quash and to seek sanctions under Federal Rule of Civil Procedure 45. *Id.* Plaintiff's counsel did not respond to that e-mail on July 18, 2018. Accordingly, on July 19,

4

2018, Board counsel again e-mailed Plaintiff's counsel and asked her to advise by 5:30 PM if she still intended to call the Board's record custodian on Monday, July 23, 2018. *Id.* at 1. At 12:46 PM on July 20, 2018, Plaintiff's counsel e-mailed and indicated as follows:

> As I stated before, please have a records keeper from CPS ready to be in court on Monday to testify to the matters we discussed in person last Monday—the authenticity of the records and that they are part of his personnel file at CPS (including the FBI search results), the identification of the factor custodian position number, and that CPS maintains a website (with the url) wherein wage and salary information is reported and maintained by CPS's finance department. I am certain Ms. Pinkston would not tell you anything that would indicate we have withdrawn our records keeper subpoenas.

Ex. 8 at 2. In response, Board counsel renewed the same objections he had been making in prior e-mails and indicated that was filing a motion to quash and seeking sanctions against Plaintiff for non-compliance with Federal Rule of Civil Procedure 45. *Id.* at 1-2.

## ARGUMENT

**The Court Must Quash Plaintiff's Request To Have The Board's Record Custodian Testify Because He Already Has A Written Declaration Under Rule 803(6) and 902(11).**

On July 13, 2018, the Board provided Plaintiff with a declaration from its record custodian in which she verified that the Board documents founds in Plaintiff's Exhibit 16 were Board records kept in the ordinary course of business. Ex. 4 at ¶¶ 4-5. Nonetheless, Plaintiff insists that the Board's record custodian must testify at trial and asked for her to appear on Monday, July 23, 2018. Ex. 8 at 2, 4. Because the Board responded to Plaintiff's subpoena request and provided him with a declaration from its record custodian which comports with Rule 803(6) and 902(11), the Board asks this Court to quash Plaintiff's request to compel the testimony of the Board's record custodian on July 23, 2018 under Federal Rule of Civil Procedure 45(d)(3)(iv). Further, the Board asks the Court to sanction Plaintiff for failing to comply with his obligations under Federal Rule of Civil Procedure 45(d)(1) to avoid an undue burden on the Board.

### A. Federal Rule of Civil Procedure 45.

Federal Rule of Civil Procedure 45 provides that "[a] party or attorney responsible for issuing a subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. Fed. R. Civ. Proc. 45(d)(1). This is an affirmative obligation on the party or attorney issuing the subpoena. *See, e.g., Satija v. Permanent Gen. Assur. Corp.*, No. 13-00082, 2014 U.S. Dist. LEXIS 193250, at *8 (N.D. Ohio April 30, 2014) (noting that "Civil Rule 45(d)(1) imposes the obligation to avoid undue burdens or expenses on both parties and attorneys."). There is no good faith exception to these obligations. *See Elliot v. Mission Tr. Servs., LLC*, No. 14- 9625, 2015 U.S. Dist. LEXIS 45412, at *20 (N.D. Ill. Apr. 7, 2015) ("Good faith in issuing a subpoena is not sufficient to avoid sanctions under Rule 45(c)(1) if the party has issued the subpoena in violation of the duty imposed by that Rule."). Rule 45(d)(1) further provides that the enforcing Court "must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." Fed. R. Civ. Proc. 45(d)(1). Federal Rule of Civil Procedure 45 also gives the enforcing Court the authority to quash or modify a subpoena and makes clear that it "must" do so where, *inter alia*, compliance "subjects a person to undue burden." Fed. R. Civ. Proc. 45(d)(3)(iv).

### B. Compelling the Board's Record Custodian to Testify Is Unnecessary.

The Board contends that compelling the record custodian to testify in order to authenticate Plaintiff's personnel records when she has already provided a written declaration that comports with Rule 803(6) and 902(11) is unnecessary and constitutes an undue burden. The purpose of the record custodian's declaration is to avoid the expense and inconvenience of producing a live witness at trial to lay the foundation for the authenticity of business records when such authentication can more easily be done through a written declaration. *See United States v. Klinzing*, 315 F.3d 803, 809 (7th

Cir. 2003) (Rule 803(6) was amended to allow for a written declaration under Rule 902(11) "to avoid the expense and inconvenience of producing time-consuming foundation witness testimony . . .").

In fact, the Advisory Committee Notes to the Federal Rules of Evidence underscore that Rule 803(6) was specifically amended so that the foundational requirements of the business record exception "can be satisfied under certain circumstances without the expense and inconvenience of producing time-consuming foundation witnesses." *See* Fed. R. Evid. 803 Advisory Committee Note 2000. It further underscores that Rule 803(6) provides for protections without foundational testimony through the authentication requirements of Rule 902(11) for domestic records. *See id*. Hence, courts have repeatedly found that a declaration from the record custodian is sufficient to satisfy the admissibility and authenticity requirements imposed by Rule 803(6) and 902(11). *See Klinzing*, 315 F.3d at 809 ("Under Rule 902(11) a party may authenticate a business record through a written declaration by a qualified custodian that the record meets the necessary foundational requirements."); *see also Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 777 (7th Cir. 2006) (noting that the record custodian can testify in court that it was the regular business practice to make and keep a business record or, alternatively, the proponent can introduce a written declaration by the custodian or other qualified person that satisfies Rule 803(6)); *Webb v. Midland Credit Mgmt.*, No. 11 C 5111, 2012 U.S. Dist. LEXIS 80006, at *9 (N.D. Ill. May 31, 2012) ("Pursuant to subsection (D), Rule 902(11) requires that the purported business record be authenticated by the testimony or declaration of a custodian or other qualified person.") (quotation omitted).

Within this context, Plaintiff cannot establish that testimony by the Board's record custodian is necessary. Rule 803(6) and Rule 902(11) work in conjunction. Rule 902(11) provides that domestic records of a regularly conducted business activity that meet the requirements of Rule 803(6) – "as shown by certification of the custodian or another qualified person that complies with a federal statute or [Supreme Court] rule" – are considered authenticate. Fed. R. Evid. 902(11). Rule

7

803(6) provides that a record of a regularly conducted business activity is not hearsay provided that (A) the record "was made at or near the time by – or from information transmitted by – someone with knowledge"; (B) it "was kept in the course of a regularly conducted activity of a business, organization, occupation or calling, whether or not for profit; and (C) making the record "was a regular practice of that activity." Fed. R. Evid. 803(6)(A)-(C). The proponent can satisfy these three elements through the testimony of the record custodian or by a certification that complies with Rule 902(11). *Id.* Notably, the language found in Rule 803(6) is written in the disjunctive and provides that the conditions found at 803(6)(A)-(C) can be satisfied through the record custodian's testimony *or* through a certification that complies with Rule 902(11). *See* Fed. R. Evid. 803(6)(D).

### C. The Board Has Given Plaintiff A Declaration From Its Record Custodian Per Rule 803(6) and 902(11).

Here, the Board tendered Plaintiff a declaration from its record custodian, Carline Altine, on July 13, 2018. Ex. 3. And again on July 16, 2018. Ex. 5. In that declaration, Ms. Altine noted that she had reviewed the documents found in Plaintiff's Exhibit 19 and determined that the documents found from pages 19-1 to 19-11 and from pages 19-20 to 19-22 were Board documents. Ex. 4 at ¶ 4. She noted that these Board documents were records found in Plaintiff's personnel file, that the records were made at or near the time based on information transmitted by and with someone with knowledge; that they were kept in the course of a regularly conducted Board activity; and that the making of such records was a regular Board practice. *Id.* Ms. Altine further verified that the Board records found in Plaintiff's Exhibit 19 were true and correct copies of those found in his personnel file. *Id.* Within this context, Ms. Altine's declaration satisfies the requirements imposed by Rule 803(6) and Rule 902(11) and, therefore, her testimony is not necessary to authenticate these records.

Plaintiff's Exhibit 19 also contained documents from the FBI and the Illinois State Police. The FBI document consisted of a print out from the FBI's Integrated Automated Fingerprint

Identification System, a "rap sheet" that provided information about Plaintiff's criminal history based on fingerprint data submitted to the Criminal Justice Information Services Division in Clarksburg, West Virginia. *See* Plt. Ex. 19 at 19-12 to 19-18. The Illinois State police document came from its Bureau of Identification in Joliet, Illinois, and also provided information about Plaintiff's criminal history. *Id.* at 19-19.

If Plaintiff intends to call Ms. Altine to authenticate the FBI and Illinois State Police documents per Rule 803(6) and 902(11), she cannot do so. As the Seventh Circuit has noted, the record custodian "need not be in control of or have individual knowledge of the particular corporate records" for authentication purposes; instead, she only need "*be familiar with the company's recordkeeping practices.*" *Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 777 (7th Cir. 2006) (emphasis added). Ms. Altine is familiar with the Board's recordkeeping practices; however, she lacks any familiarity with the FBI and Illinois State Police's recordkeeping practices. *See* Ex. 2 at ¶ 6.[2] She has no knowledge about the accuracy of the FBI or Illinois State police databases used to generate their documents, and she has no knowledge about how either agency creates and maintains their record. *Id.* At a minimum, she only knows that the Board received the FBI and Illinois State Police documents as a part of the its background investigation and that those documents are a part of Plaintiff's personnel file. *Id.*

Ms. Altine's July 13, 2018 declaration, in fact, notes the distinction between the Board's records and the FBI and Illinois State Police documents. Specifically, she noted that she could not verify the accuracy of the FBI and Illinois State Police documents since they were not Board

---

[2] Plaintiff has insisted that the Board's record custodian can authenticate the FBI and Illinois State Police documents. *See* Ex. 8 at 2. This argument is specious. The Board, the FBI and the Illinois State Police are not the same legal entities; they have their own independent organizational structures and record-keeping requirements. The Board is a body politic and corporation created by the Illinois legislature to maintain as one school district, a system of free schools in the City of Chicago pursuant to 105 ILCS 5/34-2. The FBI is a federal law enforcement organization, which is a part of the U.S. Department of Justice. Comparably, the Illinois State Police are a state law enforcement organization.

records; however, she did certify that the Board received these law enforcement documents as a part of its background investigation and that both are a part of Plaintiff's personnel file. Ex. 4 at ¶ 5. In this context, if Plaintiff is seeking Ms. Altine's testimony to establish that the Board received the FBI and Illinois State Police's documents – and not for the truth of the matter asserted in those documents – her declaration is more than sufficient. *See United States v. Lock*, 411 F. App'x 5, 7 (7th Cir. 2010) (noting that "[w]hether a party submitting a document as a business record is also the creator of the document is particularly irrelevant in situations such as this one, where the records are not being introduced to prove the truth of the information set forth in them, but merely to prove that a party received documents that contained certain representations."). Thus, Plaintiff does not require Ms. Altine's testimony on July 23, 2018 since he already has a declaration from her that comports with Rule 803(6) and 902(11).

      **D.    The Board's Record Custodian Lacks Personal Knowledge About Plaintiff's Employment History With The Board.**

Finally, as the Board record custodian, Ms. Altine lacks knowledge about the specific factual information requested in Plaintiff's subpoena regarding his employment history. As the Board's record custodian, Ms. Altine is only responsible for the creation and maintenance of documents in the Board's files and record archives. Ex. 2 at ¶¶ 2, 7. In that capacity, she is not responsible for knowing about an individual employee's employment history with the Board. *Id.* at ¶ 7. As a result, Ms. Altine does not know if position number 155314 was a factor custodian position, does not know if Plaintiff was offered a factor custodian position in August 2010, and does not know the payscale differences between factor custodians and custodians in September 2010. *Id.* In this regard, calling Ms. Altine to testify about the merits of Plaintiff's claims would be futile since she lacks the requisite personal knowledge to satisfy Rule 602. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has

10

personal knowledge of the matter."); *see also Hartford Fire Ins. Co. v. Taylor*, 903 F. Supp. 2d 623, 644 (N.D. Ill. 2012) ("Rule 602 of the Federal Rules of Evidence requires that witnesses have personal knowledge of the matter about which they testify.").

### E. The Board Has Agreed To Stipulate To The CPS Website.

Plaintiff has also asked the Board to tender a live witness to testify about the Employee Position Files site on the Chicago Public Schools website. Ex. 8 at 2. The Board has objected to this request because it was not a part of Plaintiff's original subpoena. Ex. 3 at 1. Those requests, *inter alia*, only asked for the Board to verify and authenticate the documents found in Plaintiff's Exhibit 19 as coming from his personnel file; they say nothing about the Board's webpage. *See* Ex. 1 at 3, 31, 38. Plaintiff asked the Board to identify and authenticate the Employee Position Files site in an e-mail dated July 13, 2018. Ex. 3 at 3.

Notwithstanding this objection, the Board has agreed to stipulate that the Employee Position Files is a site found on the Chicago Public Schools website, which is maintained by the Board and is accessible to members of the public. Ex. 5 at 2; *see* also Ex. 8 at 1. However, the Board has continuously objected to calling a web custodian to testify as to the merits of Plaintiff's case. As Board counsel has explained to Plaintiff's counsel, the web custodian is only responsible for managing the Chicago Public Schools' website. Ex. 5 at 2-3; *see also* Ex. 7 at 2, Ex. 8 at 1. She is not responsible for knowing about personnel employment history, as well as salary and job benefits. Ex. 5 at 2-3. If Plaintiff intends to call the Board's web custodian to testify as to whether position number 155314 was a factor custodian position, he was offered that position in August 2010 and the payscale for custodial positions in September 2010, she will be unable to do so. *See* Ex. 9 at ¶ 5. In this regard, calling the web custodian to testify about the merits of Plaintiff's claims would also be futile since she lacks the requisite personal knowledge to satisfy Rule 602. *See* Fed. R. Evid. 602 ("A

witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *see also Taylor*, 903 F. Supp. 2d at 644. Instead, Plaintiff would require the testimony of a witness who has knowledge about the Board's hiring practices in 2010, as well as the collective bargaining agreement that the Board has with the SEIU. Asking the Board to find such a witness is unreasonable when one considers the procedural posture of Plaintiff's case and the fact that he raised his requests shortly before trial. Accordingly, the Court should quash Plaintiff's request for the live testimony of a web custodian.

### F. Plaintiff's Conduct Violates Federal Rule of Civil Procedure 45.

At this juncture, the Board has complied with its obligations imposed by Plaintiff's subpoena request regarding his personnel file and provided him with a declaration from the Board's record custodian that comports with Rule 803(6) and 902(11). It has provided a declaration from its Human Resources Director which confirms that position 155314 was a factor custodian position. Further, it has agreed to stipulate that the Employee Position Files site is from the Chicago Public Schools webpage, which is maintained by the Board and accessible to the general public. The Board has been unable to find anyone with personal knowledge who can answer the remaining questions in Plaintiff's subpoena requests, but not for trying. Plaintiff simply gave the Board insufficient time to start looking for witnesses who he should have requested during the discovery portion of his case and not on the eve of trial.

As of filing, Plaintiff has ostensibly told the Board that it needs to wait out the weekend and see if its employees should appear on Monday, July 23, 2018, to testify. Ex. 8 at 2. Such a request is unreasonable and not in accord with the affirmative obligations imposed on him by Federal Rule of Civil Procedure 45(d)(1) "to avoid imposing [an] undue burden or expense." The case law is clear that the record custodian's declaration under 803(6) and 902(11) is sufficient to meet the

requirements imposed by the Federal Rules of Evidence for authenticity and admissibility purposes and that Plaintiff does not require the live testimony of the Board's record custodian. Rather than acknowledging that the Board has provided him with the information that he requested through the record custodian's declaration and that the Board has objected to calling a live witness, Plaintiff has continued to demand that the Board's record custodian testify at trial. *See* Ex. 8 at 2, 4. Such conduct violates Plaintiff's affirmative duties under Federal Rule of Civil Procedure 45(d)(1). *See Massood Jallali v. Nova Se. Univ.*, No. 11-8115, 2012 U.S. Dist. LEXIS 85660, at *10-12 (N.D. Ill. June 21, 2012) (finding that the attorney issuing a subpoena willfully "failed to take reasonable steps to avoid imposing an undue burden or expense" on the receiving party and that sanctions for attorney's fees were warranted where, *inter alia*, the issuing attorney disregarded the receiving party's objections to the subpoena and continued to press for compliance). Further, to the extent that Plaintiff is asking the Board's record custodian to testify about facts to which she has no personal knowledge, this conduct also violates the affirmative duties owed under Federal Rule of Civil Procedure 45(d)(1). *See, e.g., Am. Soc'y of Media Photographers v. Google, Inc.*, No. 13-408, 2013 U.S. Dist. LEXIS 64041, at *15-16 (N.D. Ill. May 6, 2013) (finding that the attorney issuing a subpoena failed to take reasonable steps to avoid an undue burden on the receiving party and had violated Rule 45(c), where he continued to seek compliance even though the receiving party lacked the information requested). Accordingly, the Board respectfully asks this Court to sanction Plaintiff for non-compliance with his affirmative obligations owed under Federal Rule of Civil Procedure 45(d)(1) and to award the Board reasonable attorney's fees and other relief that the Court deems fit.

## **CONCLUSION**

For the foregoing reasons, the Board respectfully asks this Court to quash Plaintiff's request to compel the live testimony of its record and web custodian on July 23, 2018 and to sanction

Case: 1:12-cv-01132 Document #: 518 Filed: 07/20/18 Page 14 of 14 PageID #:7719

Plaintiff for non-compliance with Federal Rule of Civil Procedure 45 by imposing attorney's fees and to award other relief that the Court deems fit.

Dated: July 20, 2018. Respectfully submitted,

**DEFENDANT BOARD OF EDUCATION OF THE CITY OF CHICAGO**

JOSEPH MORIARTY
General Counsel

By: */s/Regan Hildebrand*
Regan Hildebrand
Deputy Assistant General Counsel
Board of Education of the City of Chicago
Law Department, 1 N. Dearborn St., Ste. 900
Chicago, Illinois 60602
(773) 553-1700

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document to all attorneys of record via the Court's electronic notification system on July 20, 2018.

*/s/Regan Hildebrand*
Regan Hildebrand