**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID D. WILBON, RICO M. WILBON, and GEORGE J. SMITH,** | ) ) ) | **No. 12 C 1132** |
| **Plaintiffs,** | ) ) | **Magistrate Judge M. David Weisman** |
| **v.** | ) ) | |
| **JOSEPH M. PLOVANICH, et al.,** | ) ) | |
| **Defendants.** | ) ) | |

**MEMORANDUM OPINION AND ORDER**

On July 25, 2018, a jury returned a verdict in the total amount of $290,000 in favor of plaintiffs and against four of the defendants on plaintiffs' 42 U.S.C. § 1983 and malicious prosecution claims. (*See* Verdict Form, ECF 538.) The case is before the Court on plaintiffs' 42 U.S.C. § 1988 motion for attorneys' fees. For the reasons set forth below, the motion is granted in part and denied in part.

**Discussion**

A party who prevails on 42 U.S.C. § 1983 claim is entitled to recover "a reasonable attorney's fee." 42 U.S.C. § 1988(b). "[A] reasonable fee is [one] that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (quotation omitted). The "lodestar," the number of hours reasonably expended multiplied by a reasonable hourly rate, *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012), is a presumptively reasonable fee. *Perdue*, 559 U.S. at 552. Plaintiffs bear the burden of establishing the reasonableness of their attorneys' hourly rates and the number of hours they expended on the case. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Defendants are "not required to pay for hours that are 'excessive, redundant, or otherwise unnecessary.'" *Johnson*, 668 F.3d at 931 (quoting *Hensley*, 461 U.S. at 434; *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 552 (7th Cir. 1999)). Thus, plaintiffs' counsel should exercise "billing judgment," *i.e.*, "make a good faith effort to exclude [such hours] from [their] fee request." *Hensley*, 461 U.S. at 433-34.

**Reasonable Rates**

A reasonable hourly rate is "one that is 'derived from the market rate for the services rendered.'" *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011) (quoting *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003)). To determine the market rate for lawyers who, like plaintiffs' counsel, work on contingency, the Court considers "'evidence of rates similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases.'" *Id.* (quoting *Spegon*, 175 F.2d at 555). Plaintiffs have not offered any of the former evidence[1] but say that courts in this district have recently determined that the reasonable hourly rates for Ms. Dymkar and Ms. Hamilton, respectively, are $465 and $475 per hour. (*See* ECF 552 at 10-11); *Nelson v. Lis*, No. 09 C 883, 2017 WL 1151055, at *4 (N.D. Ill. Mar. 28, 2017); *Cooper v. City of Chi.*, No. 16 C 3519, ECF 179, slip op. at 35-36 (Aug. 20, 2018).[2] Plaintiffs believe that $475 per hour for Ms. Hamilton is appropriate but contend that Ms. Dymkar's rate should be increased to $495.

---

[1] Plaintiffs submit the affidavit of Janine L. Hoft in support of Ms. Dymkar's requested hourly rate. Ms. Hoft attests to three other fee awards but does not offer evidence of rates paid for similar work by paying clients. (*See* Pls.' Fee Pet., Ex. M, ECF 552-13.)

[2] Plaintiffs also assert that Ms. Dymkar was awarded a rate of $495 per hour in two recent settlements. However, both settlements included a lump sum for attorneys' fees rather than an itemization of hourly fees. (*See Hadnott v. Kelly*, 07 C 6754, 11/5/15 Hr'g Tr., ECF 593 at 4-6; *Armstrong v. Maloney*, 08 C 4398, Agreed Mot. Order & J. Regarding Att'y's Fees, ECF 441 at 2.)

Defendants do not object to the rate requested for Ms. Hamilton but argue that there is no basis for increasing Ms. Dymkar's hourly rate above the previously-awarded rate of $465. It is unreasonable, however, to set the hourly rate of Ms. Dymkar, who has been in practice longer than Ms. Hamilton, and like Ms. Hamilton is well equipped in this area of the law, lower than that of Ms. Hamilton. Given both lawyers' substantial experience, and Ms. Hamilton's uncontested rate, the Court finds an hourly rate of $475 to be appropriate for Ms. Dymkar as well.

Plaintiffs seek an hourly rate of $260 for the work of Ms. DasGupta, who has been practicing for four years, and Mr. Regenscheit, who was been practicing for three years. (*See* Pls.' Fee Pet. Ex. P, DasGupta Decl., ECF 552-16 ¶ 1; *id.*, Ex. Q, Decl. Q, Regenscheit Decl., ECF 552-17 ¶ 2.) In 2017, judges in this district set both attorneys' rates at $230 per hour. *See Nelson*, 2017 WL 1151055, at *4; *Wilson v. Baptiste*, No. 13 C 7845, 7/13/17 slip op., ECF 286 at 4. Plaintiffs contend that an increase of thirty dollars per hour is appropriate to compensate for the experience these attorneys have garnered since 2017. Plaintiffs do not, however, offer any direct evidence of fee awards of $260 per hour for lawyers with similar experience.[3] Thus, the Court finds that the previously-awarded rate of $230 per hour is commensurate with these attorneys' level of experience.

Plaintiffs contend that paralegal work, including that of Mr. Regenscheit before he was admitted to the bar, should be compensated at $135 per hour. Last year, the rate for paralegal work done by Ms. Dymkar's firm was set at $125 per hour. *See Nelson*, 2017 WL 1151055, at *5; *Wilson*, No. 13 C 7845, 7/13/17 slip op., ECF 286 at 4. Plaintiffs contend that the passage of time

---

[3] Plaintiffs argue that these rates are consistent with the Laffey Matrix, "a chart of hourly rates published by the U.S. Attorney's Office for the District of Columbia, which some circuits use to help determine a reasonable fee under fee-shifting statutes." *Montanez v. Simon*, 755 F.3d 547, 554 (7th Cir. 2014). Because the Seventh Circuit has "expressed some skepticism about applying the Laffey Matrix outside Washington, D.C.," *id.*, the Court declines to use it in this case.

makes an increase appropriate, but they offer no evidence of the current rates at which comparable work by paralegals is billed. Accordingly, the Court sets the paralegal rate at $125 per hour.

**Reasonable Hours: Ms. Dymkar**

Defendants object to great swaths of time billed by Ms. Dymkar, but their objections generally fall into seven categories, that the work: (1) pertained to information that was allegedly withheld from discovery; (2) involved consulting with Ms. Hamilton before she filed an appearance for plaintiffs; (3) pertained to motions that plaintiffs lost; (4) was unnecessary; (5) should have been performed by a less experienced attorney, paralegal, or clerical staff; (6) pertained to the *Monell* claim, which was dismissed "with each side bearing its own costs and attorneys' fees" (*see* 1/31/13 Stip., ECF 58); and (7) is too vaguely described.

The Court overrules the first three categories of objections. First, post-judgment is not the time and fee objections are not the place for redressing alleged discovery violations. Second, defendants cite no authority for the notion that plaintiffs cannot recover for consultations Ms. Dymkar had with Ms. Hamilton before the latter filed an appearance. Third, plaintiffs cannot recover for time spent on frivolous or needless motions, but work spent on motions that had reasonable, albeit unsuccessful, bases is recoverable. *Jaffee v. Redmond*, 142 F.3d 409, 414 (7th Cir. 1998). Thus, the Court finds that plaintiffs can recover for any reasonable consultations about the case Ms. Dymkar and Ms. Hamilton had in that period.

The remaining objections, however, have some merit. For example, Ms. Dymkar billed for motions that plaintiffs withdrew, or the Court struck or denied because the motion did not

comport with the rules, and for needless motions to strike and reconsider.[4] *See Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007) ("Motions to strike disserve the interest of judicial economy. The aggravation [they cause one's opponent] comes at an unacceptable cost in judicial time."); *Patrick v. City of Chi.*, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015) ("[M]otions to reconsider are permitted, however, they are disfavored."). She also billed for legal research,[5] drafting notices of motion and changes of address, reviewing and organizing exhibits, filing documents, and communicating with Court personnel, tasks that should have been performed, if at all, by junior attorneys or non-lawyer staff.[6] She also billed for work related to the *Monell* claim and for work she only vaguely described, *e.g.*, conference with co-counsel or email to co-counsel or review of court transcripts.[7] Moreover, Ms. Dymkar repeatedly billed for reviewing short scheduling and

---

[4] These entries are: 3.6 hours on 5/30/13; 1.7 hours on 5/31/13; 2.8 hours on 6/3/13; 1.9 hours on 6/7/13; 1.3 hours on 6/15/13; 2 hours on 9/30/13; .6 hours on 11/21/13; .4 hours on 12/4/13; 1.1 hours on 12/6/13; 1.1 hours on 5/5/14; 2.3 hours on 10/29/14; 5.7 hours on 10/30/14; 1.1 hours on 11/20/14; .6 hours on 7/6/15; and 1.1 hours on 11/9/15.

[5] It is not clear whether Ms. Dymkar employed a junior attorney before October 11, 2016. Thus, the Court has not deducted hours she spent on legal research before that date.

[6] These entries are: .1 hour on 5/5/12; .2 hour on 7/5/12; .2 hour on 10/16/12; .1 hour on 1/13/13; .6 hour on 1/31/13; .1 hour on 2/22/13; .1 hour on 2/26/13; .2 hour on 5/19/13; .1 hour on 5/22/13; .1 hour on 5/23/13; .1 hour on 5/30/13; .1 hour on 5/31/13; .1 hour on 5/31/13; .1 hour on 6/4/13; .1 hour on 6/6/13; .3 hour on 6/6/13; .4 hour on 6/7/13; .3 hour on 6/15/13; .3 hour on 6/19/13; .1 hour on 6/20/13; .1 hour on 7/8/13; .1 hour on 7/11/13; .1 hour on 7/12/13; .6 hour on 7/17/13; .5 hour on 8/20/13; 2.3 hours on 9/15/13; .1 hour on 9/30/13; .1 hour on 10/1/13; .1 hour on 10/21/13; .2 hour on 10/22/13; .2 hour on 11/21/13; .3 hour on 12/2/13; .1 hour on 12/6/13; .1 hour on 1/28/14; .1 hour on 1/29/14; 1.9 hours on 2/28/14; .9 hour on 3/21/14; .1 hour on 5/5/14; .4 hour on 7/29/14; .1 hour on 9/11/14; .2 hour on 10/2/14; .2 hour on 9/16/15; .1 hour on 9/18/15; .5 hour on 10/13/15; .1 hour on 11/9/15; .6 hour on 12/1/15; .6 on 12/7/15; .2 hour on 12/15/15; .1 hour on 12/17/15; .1 hour on 3/23/16; .1 hour on 5/16/16; .3 hour on 8/17/16; .3 hour on 8/18/16; .1 hour on 11/22/16; .1 hour on 3/14/17; .1 hour on 3/15/17; .1 hour on 3/16/17; .1 hour on 3/17/17; .2 hour on 3/21/17; .3 hour on 3/27/17; 1.5 hours on 6/6/17; .2 hour on 6/22/17; .1 hour on 7/28/17; .4 hour on 8/21/17; .4 hour on 8/23/17; 3.1 hours on 8/25/17; .3 hour on 8/26/17; .3 hour on 8/27/17; .7 hour on 9/13/17; 1.1 hours on 9/15/17; .2 hour on 10/13/17; .1 hour on 10/18/17; .2 hour on 10/31/17; 1.3 hours on 10/31/17; .1 hour on 11/21/17; .3 hour on 11/20/17; .1 hour on 11/22/17; .1 hour on 12/27/17; .1 hour on 1/10/18; .1 hour on 1/24/18; .1 hour on 6/27/18; 1.2 hours on 7/5/18; .1 hour on 7/11/18; 1.3 on 7/12/18; .1 hour on 7/13/18; .3 hour on 7/15/18; .6 hour on 7/21/18; .3 hour on 7/22/18; .4 on 7/3/18; .2 hour on 7/26/18; .6 hour on 8/24/18; 1.7 hours on 9/7/18; 1.1 hours on 10/18/18; and 2.6 hours on 10/20/18.

[7] These entries are: .3 hour on 4/20/12; .3 hour on 6/18/12; .4 hour on 7/26/12; .2 hour on 10/16/12; .2 hour on 10/17/12; .3 hour on 11/1/12; .1 hour on 11/4/12; .1 hour on 11/26/12; .2 hour on 1/18/13; 1.6 hours on 1/31/13; .4 on 7/22/13; .1 hour on 10/8/13; .2 hour on 4/5/16; .1 on 6/30/16; .2 hour on 8/18/16; .1 hour on 9/16/16; .2 hour on 2/7/17; .1 hour on 3/14/17; .1 hour on 3/15/17; .1 hour on 3/26/17; .2 hour on 3/29/17; hours on 3/31/17; .9 hour on 5/31/17; .7 hours on 6/12/17; 1.1 hours on 6/22/17; 1.4 hours on 7/11/17; .1 hour on 7/14/17; 1.1 hours on 7/19/17; 1

other routine orders and motions, time that should have been excised in the exercise of billing judgment.[8]  Therefore, the Court sustains defendants' objections in part and finds that Ms. Dymkar reasonably spent 1,124.6 hours on this case.

**Ms. Hamilton**

Defendants object to time Ms. Hamilton billed:  (1) before she filed an appearance for plaintiffs; (2) for reviewing co-counsel's filings; (3) for reviewing co-counsel's emails to defense counsel or third parties; and (4) for tasks that were also performed by co-counsel.   For the reasons discussed above, the Court overrules the first objection.[9]   The Court also overrules the second objection.  Ms. Hamilton had to familiarize herself with co-counsel's work, and the time she spent

---

[8] hour on 8/7/17; .4 hour on 8/14/17; .2 hour on 8/23/17; .7 hour on 8/25/17; .5 hour on 9/11/17; 1.8 hours on 9/12/17; .1 hour 9/14/17; .1 hour on 9/18/17; .2 hour on 9/20/17; 1.8 hours on 10/5/17; .4 hour on 10/17/17; 1.4 hours on 10/26/17; .1 hour on 11/2/17; .5 hour on 11/7/17; .3 hour on 11/29/17; .4 hour on 12/2/17; .1 hour on 1/23/18; .2 hour on 6/22/18; 2.2 hours on 6/28/18; .6 hour on 7/8/18; .9 hour on 7/10/18; 2.1 hour on 7/11/18; .5 hour on 7/16/18; .6 hour on 7/17/18; .8 hour on 7/18/18; 1.1 hours on 7/20/18; .3 hour on 7/21/18; .3 hour on 7/22/18; .3 hour on 7/26/18; .1 hour on 7/27/18; .3 hour on 8/3/18; and .3 hour on 8/24/18.

[8] These entries are:  .1 on 2/16/12; .1 hour on 5/14/12; .1 hour on 6/5/12; .1 hour on 7/5/12; .1 hour on 7/26/12; .3 hour on 10/4/12; .2 hour on 10/17/12; .1 hour on 12/10/12; .1 hour on 1/7/13, .1 hour on 1/9/13; .2 hour on 1/10/13; .1 hour on 1/14/13; .1 hour on 1/18/13; .1 hour on 2/1/13; .1 hour on 2/20/13; .1 hour on 2/27/13; .1 hour on 3/5/13; .1 on 5/8/13; .1 hour on 5/21/13; .1 hour on 5/29/13; .2 hour on 6/3/13; .1 hour on 6/4/13; .1 hour on 6/7/13; .1 hour on 6/14/13; .1 hour on 6/25/13; .1 hour on 6/27/13;.1 hour on 8/20/13; .1 hour on 8/23/13; .1 hour on 8/26/13; .1 hour on 8/28/13; .1 hour on 10/1/13; .1 hour on 10/2/13; .1 hour on 10/3/13; .1 hour on 10/7/13; .1 hour on 10/8/13; .2 hour on 11/22/13; .1 hour on 12/3/13; .1 hour on 12/9/13; .1 hour on 1/29/14; .1 hour on 2/12/14; .1 hour on 3/2/14; .1 hour on 3/24/14; .1 hour on 5/7/14; .1 hour on 6/23/14; .1 hour on 6/25/14; .1 hour on 8/14/14; .1 hour on 10.2.14; .4 hour on 10/7/14; .5 hour on 10/27/14; .1 hour on 1/9/15; .1 on 5/20/15; .1 hour on 7/28/15; .1 hour on 9/21/15; .1 hour on 10/19/15; .1 hour on 10/21/15; .1 hour on 10/22/15; .3 hour on 11/10/15; 1.1 hour on 10/19/15; .1 hour on 10/19/15; .1 hour on 12/2/15; .1 hour on 12/8/15; .1 hour on 12/16/15; .1 hour on 12/17/15; .1 hour on 1/11/16; ,1 hour on 2/29/16; .1 hour on 4/11/16; .1 hour on 4/12/16; .1 hour on 4/19/16; .1 hour on 6/7/16; .1 hour on 6/23/16; .1 hour on 6/30/16; .1 hour on 7/6/16; .1 hour on 7/19/16; .3 hour on 8/18/16; .1 hour on 8/29/16; .1 hour on 9/1/16; .1 hour on 9/15/16; .1 hour on 9/16/16; .1 hours on 10/7/16; .1 hour on 10/12/16; .1 hour on 10/18/16; .1 hour on 12/27/16; .1 hour on 3/28/17; .1 hour on 3/29/17; .1 hour on 3/31/17; .1 hour on 4/25/17; .1 hour on 5/23/17; .1 hours on 6/6/17; .1 hour on 6/12/17; .1 hour on 6/13/17; .1 hour on 6/15/17; .1 hour on 6/22/17; .1 hour on 7/31/17; .1 hour on 8/8/17; .1 hour on 8/14/17; .1 hour on 8/17/17; .1 hour on 8/28/17; .1 hour on 8/31/17; .1 hour on 9/8/17; .1 hour on 9/14/17; .1 hour on 10/2/17; .1 hour on 10/17/17; .1 hour on 10/18/17; .1 hour on 10/27/17; .1 hour on 11/1/17; .1 hour on 11/2/17; .1 hour on 11/30/17; .1 hour on 1/24/18; .3 hour on 4/3/18; .1 on 7/25/18; .2 hour on 7/26/18; .1 hour on 8/24/18; and .1 hour on 9/10/18.

[9] The Court notes that Ms. Hamilton billed for a total of 3.3 hours prior to filing her appearance.  (ECF 561-2 at 1.) This time coupled with Ms. Hamilton's review of the file after filing her appearance is reasonable to familiarize herself with the matter.  The Court's view might be different if the number of hours expended prior to filing an appearance were more substantial.

doing so was not excessive. The remaining objections are sustained in part. Like Ms. Dymkar, Ms. Hamilton repeatedly billed .1 hour for reviewing scheduling and other routine orders or emails from the Court that were only a few sentences in length.[10] She also billed for reviewing emails between plaintiffs' other lawyers and court personnel, which was unnecessary.[11] Finally, in one instance, she billed for work that should have been performed by a paralegal.[12] In short, the Court finds that Ms. Hamilton reasonably spent 191.9 hours on this case.

**Ms. DasGupta**

Defendants object to time Ms. DasGupta billed: (1) for motions that plaintiffs lost; (2) before she filed an appearance for plaintiffs; (3) for unnecessary, duplicative, or vaguely-described tasks; and (4) for work that should have been performed by a paralegal or clerical staff. For the reasons discussed above, the Court overrules the first two objections, but sustains the last two objections in part. Many of Ms. DasGupta's time entries, *e.g.*, "Discuss case and strategy with attorneys Irene K. Dymkar and Daniel Regenscheit," are too vague for the Court to determine whether they are reasonable.[13] Moreover, Ms. DasGupta billed for work that was duplicative of

---

[10] These entries are: .1 hour on 3/14/16; .1 hour on 4/19/16; .1 hour on 4/21/16; .1 hour 6/7/16; .2 hour 6/23/16; .1 hour on 6/30/16; .1 hour on 7/6/16; .1 hour on 8/18/16; .1 hour on 8/29/16; .1 hour 8/30/16; .1 hour on 8/31/16; .1 hour on 9/1/16; .1 hour on 9/8/16; .1 hour on 9/15/16; .1 hour on 9/19/16; .1 hour on 10/11/16; .1 hour on 10/12/16; .1 hour on 10/19/16; .2 hour on 11/23/16; .1 hour on 12/27/16; .1 hour on 2/23/17; .1 hour on 3/14/17; .1 hour on 3/15/17; .1 on 3/17/17; .2 hour on 3/29/17; .1 hour on 3/31/17; .1 hour on 5/23/17; .1 hour on 6/15/17; .1 hour 6/22/17; .1 hour 8/8/17; .1 hour 8/14/17; .1 hour 8/18/17; .1 hour 8/28/17; .1 hour 8/31/17; .1 hour 9/8/17; .1 hour 9/11/17; .1 hour 9/14/17; .1 hour 10/2/17; .1 hour on 11/9/17; .1 hour 11/22/17; .1 hour 12/4/17; .1 hour 12/27/17; .1 hour 1/11/18; .1 hour 1/24/18; .1 hour 3/29/18; .1 hour 4/3/18; .1 hour 6/27/18; .1 hour 6/29/18; .1 hour 7/16/18; and .1 hour 7/23/18.

[11] .1 hour on 6/15/17; .1 hour on 6/19/17; .1 hour 6/20/17; .1 hour 6/21/17; .2 hour 6/22/17; .1 hour on 8/9/17; .1 hour on 8/10/17; .1 hour 8/14/17; .2 hour 8/23/17; .1 hour 9/11/17; .1 hour on 10/31/17; .1 hour on 11/2/17; .1 hour 11/27/17; .1 hour 7/9/18; .3 hour 7/10/18; .1 hour 7/11/17; .1 hour 7/12/18; and .2 hour on 7/15/18.

[12] This entry is 4.5 hours on 9/13/18.

[13] These entries are: 4 hours from 10/11/16 through 3/17/17; .1 hour on 3/23/17; .3 hour on 4/25/17; .2 hour on 5/9/17; .2 hour on 5/17/17; 1.2 hours from 5/31/17 through 6/1/17; .1 hour on 6/13/17; .1 hour on 6/27/17; .7 hour from 7/17/17 through 7/28/17; 2 hour from 8/7/17 through 8/22/17; .1 hour on 8/23/17; .1 hour on 8/24/17; 5 hour on 8/25/17; .2 hour on 8/31/17; .5 hour on 9/1/17; .6 hour on 9/6/17; .3 hour on 9/7/17; 1.4 hours on 9/8/17; .1 hour on 9/11/17; 1.5 hours on 9/12/17; .7 hour on 9/13/17; .9 hour on 9/14/17; 1 hour on 9/15/17; .2 hour on 9/18/17; .1 hour on 9/19/17; .1 hour on 9/29/17; .1 hour on 10/3/17; .1 hour on 10/10/17; .1 hour on 10/16/17; .1 hour on 10/18/17; .1

that performed by Ms. Dymkar and/or Ms. Hamilton and for clerical tasks such as preparing exhibit books and communicating with Court personnel.[14]  In total, the Court finds that Ms. DasGupta reasonably spent 190.9 hours on this case.

### Mr. Regenscheit

Defendants object to time Mr. Regenscheit billed for:  (1) motions that plaintiffs lost; (2) unnecessary, duplicative, or vaguely-described tasks; and (3) work that should have been performed by a paralegal or clerical staff.  For the reasons discussed above, the Court overrules the first objection but sustains in part the remaining objections.  Mr. Regenscheit billed for work

---

[14] hour on 10/26/17; .2 hour on 10/27/17; .2 hour on 11/7/17; .1 hour on 11/9/17; .1 hour on 11/10/17; .1 hour on 11/15/17; .2 hour on 11/16/17; .1 hour on 11/17/17; .2 hour on 11/20/17; .1 hour on 11/21/17; .1 hour on 11/22/17; .1 hour on 11/27/17; .2 hour on 11/30/17; .1 hour on 12/1/17; .1 hour on 12/4/17; .1 hour on 12/7/17; .1 hour on 12/14/17; .1 hour on 12/15/17; .1 hour on 1/9/18; .1 hour on 1/23/18; .2 hour on 6/19/18; .1 hour on 6/21/18; .1 hour on 6/25/18; .8 hour on 6/26/18; .4 hour on 6/27/18; .4 hour on 6/28/18; .1 hour on 7/2/18; .3 hour on 7/3/18; 1 hour on 7/5/18; .9 hour on 7/9/18; 1 hour on 7/10/18; .7 hour on 7/11/18; 1 hour on 7/12/18; .7 hour on 7/13/18; .4 hour on 7/14/18; .9 hour on 7/15/18; .4 hour on 7/16/18; .3 hour on 7/17/18; .3 hour on 7/18/18; .2 hour on 7/19/18; .5 hour on 7/20/18; 1.6 hours on 7/21/18; .5 hour on 7/22/18; .3 hour on 7/23/18; .2 hour on 7/24/18; and .3 hour on 7/25/18.

[14] These entries are .2 hour on 10/11/16; 1.6 hours on 2/22/17; .2 hour on 3/21/17; .9 hour on 4/25/17; .1 hour 6/27/17; 1 hour on 7/28/17; .1 hour on 8/22/17; .3 hour on 8/23/17; .5 hour on 8/25/17; .2 on 8/25/17; .2 hour on 8/30/17; .2 hour on 8/31/17; 2.8 hours on 9/7/17; 2.7 hours on 9/11/17; 2.3 hours on 9/12/17; 2.7 hours on 9/13/17; 1.4 hours on 10/11/17; .4 hour on 11/22/17; .3 hour on 11/27/17; .4 hour on 6/19/18; 4.6 hours on 6/28/18; .3 hour on 7/5/18; 1.3 hours on 7/6/18; 1.4 hours on 7/9/18; .7 hour on 7/10/18; 1 hour on 7/12/18; 7.5 hours on 7/14/18; 4.4 hours on 7/15/18; .3 hour on 7/16/18; .3 hour on 7/17/18; .2 hour on 7/19/18; 1.4 hours on 7/21/18; 2.6 hours on 7/22/18; 3.3 hours on 7/23/18; .3 hour on 7/27/18; .3 hour on 8/8/18; .1 hour on 8/9/18.

that is vaguely described,[15] duplicated work done by others,[16] and was clerical in nature.[17] The Court finds that Mr. Regenscheit reasonably spent 126.2 hours on this case.

**Hamilton Law Office Paralegal**

Defendants argue that the time the Hamilton Law Office paralegal spent opening a file for this case (.4 hours on 10/9/15 and 10/12/15) is not compensable because it occurred before Ms. Hamilton filed her appearance. But that work was necessary for the case, and the fact that it occurred before Ms. Hamilton filed her appearance rather than after does not change that fact. Plaintiffs have not, however, shown that it was necessary for the paralegal to review an email from Ms. Dymkar about a motion to reset the trial date (.1 hour on 7/25/17). Thus, that time is not compensable. In total, plaintiffs can recover 5.6 hours of work done by the Hamilton Law Office paralegal.

**Dymkar Law Office Paralegals**

Plaintiffs also seek to recover for the work of three Dymkar firm paralegals: Amy Kaliski, Abigail Means, and Daniel Regenscheit, before he was admitted to the bar. Defendants object to various tasks billed by Ms. Kaliski as unnecessary, duplicative of work billed by others, and related

---

[15] These entries are: 1.1 hours on 11/21/16; 1.3 hours on 11/22/16; .2 hour on 12/6/16; .1 hour on 12/9/16; .1 hour on 12/20/16; .1 hour on 12/23/16; .1 hour on 12/27/16; .1 hour on 2/7/17; .1 hour on 5/3/17; .1 hour on 5/9/17; .1 hour on 5/15/17; .5 hour on 5/17/17; .2 hour on 6/8/17; .3 hour on 7/12/17; .3 hour on 7/17/17; .1 hour on 7/19/17; .4 hour on 7/27/17; 2.6 hours from 8/8/17 to 8/9/17; .8 hour on 8/14/17; .2 hour on 8/16/17; .4 hour on 8/25/17; .7 hour on 9/12/17; .3 hour on 10/30/17; .1 hour on 12/7/17.

[16] These entries are: .3 hour on 11/21/16; 2.8 hours on 11/22/16; .7 on 1/27/17; 1.2 hours on 1/30/17; 2 hours from 1/21/17 to 2/2/17; 1.2 hours on 2/22/17; .2 hour 3/8/17; .4 hour on 3/9/17; .2 hour on 3/17/17; .3 hour on 3/23/17; .9 hour on 4/25/17; .2 hour on 6/12/17; 7.7 hours from 6/12/17 to 6/13/17; 2.6 hours on 7/13/17; 3.1 hours on 8/8/17; 1.5 hours on 8/15/17; 4.1 hours on 8/17/17; 2.4 hours on 9/1/17; .6 hour on 10/10/17; 1.4 hours on 10/18/17; 1.1 hours on 10/27/17; 1 hour on 11/21/17; .9 hour on 11/30/17; .8 hour on 1/10/18.

[17] These entries are: 2 hours on 11/21/16; .2 hour on 11/22/16; .2 hour on 11/30/16; .4 hour on 3/7/17; .1 hour on 3/31/17; .1 hour on 5/23/17; .1 hour on 6/15/17; .1 hour on 6/20/17; .1 hour on 9/22/17; .1 hour on 9/28/17; .1 on 10/13/17.

to materials or witness information plaintiffs allegedly failed to produce during discovery. The Court agrees that, without further explanation, plaintiffs have not shown that Ms. Kaliski's: (1) communication with courtroom deputies (.2 hours on 5/22/13) and the Chicago Police Department Evidence and Recovered Property Section (.6 hours on 7/26/13 and 7/29/13); (2) review of documents from the Independent Police Review Authority (1.3 hours on 7/26/13); and (3) scanning of settlement paperwork for the *Pleas* case (.4 hours on 8/29/13) was necessary for this case. The Court also agrees that on several occasions Ms. Kaliski duplicated others' work (.3 hours on 9/24/13, 1.8 hours on 11/19/13, and .3 hours on 10/13/15). As discussed above, however, the Court will not deduct time spent gathering information that was allegedly withheld from discovery. Accordingly, the Court overrules defendants' objections to Ms. Kaliski's time entries for drafting FOIA requests and reviewing FOIA request results and communicating with witnesses Shawn Smith, Lecharn Lewis, and Tyrone Jones. In total, plaintiffs can recover for 178.5 hours of work performed by Ms. Kaliski.

Defendants only object to four of Ms. Means' time entries: two for calls to witnesses Lewis and Smith and two for drafting FOIA requests. Defendants contend that all the entries relate to discovery violations, an objection the Court overrules for the reasons stated above. The Court agrees, however, that the FOIA work is duplicative. Accordingly, the Court deducts the .9 hours that Ms. Means spent on the FOIA requests, leaving a total of 49 compensable hours.

Defendants object to various tasks billed by Mr. Regenscheit, in his capacity as a paralegal, as related to discovery violations, unnecessary, vaguely described, and/or excessive. The Court agrees that the descriptions "discussing case and strategy" and "discussing discovery documents" (.6 hours on 3/11/16, 3/14/16, and 10/27/16) are too vague to support recovery, time spent drafting FOIA request and motion to set aside a magistrate judge's order (2.8 hours on 3/23/16 and 8/17/16)

is duplicative of others' work, and preparation for and attendance at court (1.5 hours on 9/15/16, 9/16/16, and 10/18/16) is unnecessary.  Therefore, plaintiffs can recover for a total of 15.9 hours of Mr. Regenscheit's paralegal work.

**Lodestar**

The reasonable rates multiplied by the reasonable hours yields a lodestar of $729,395.50 ($534,185 [Ms. Dymkar:  1124.6 hours x $475] + $91,152.50 [Ms. Hamilton:  191.9 hours x $475] + $43,907 [Ms. DasGupta: 190.9 hours x $230] + $29,026 [Mr. Regenscheit (attorney):  126.2 hours x $230] + $22,312.50 [Ms. Kaliski:  178.5 hours x $125] + $6,125 [Ms. Means:  49 hours x $125] + $1,987.50 [Mr. Regenscheit (paralegal):  15.9 hours x $125] +$700 [Hamilton paralegal: 5.6 hours x $125/hr.]).  That does not end the analysis, however.  In a case like this, in which plaintiffs only prevail on certain claims or against certain defendants, the lodestar can be reduced to "'account for the limited success.'"  *Richardson v. City of Chi.*, 740 F.3d 1099, 1103 (7th Cir. 2014) (quoting *Hensley*, 461 U.S. at 436-47); *see Hensley*, 461 U.S. at 436 ("If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.  This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith.").

Plaintiffs took a scattershot approach to this lawsuit, suing thirteen officers and the City of Chicago for a host of federal and state claims.  (*See* Compl., ECF 1.)  While the Court recognizes that the factual landscape created some complexities that required some sorting out, lead counsel's general approach to the litigation created inefficiencies and unnecessary costs up until the trial itself.  A year after filing the case, plaintiffs voluntarily dismissed their *Monell* claim against the City.  (*See* 1/31/13 Stip., ECF 58.)  Two and one-half years into the suit, during the summary

judgment proceedings, plaintiffs voluntarily dismissed: (1) all claims asserted against defendants Gorzokowski and Karczewski; (2) their section 1983 conspiracy and unlawful vehicle search claims; (3) the section 1983 unlawful search of person claims asserted against defendants Milan and Plovanich; (4) the false arrest claims Rico and George asserted against Milan and Plovanich; (5) the false arrest claim George asserted against all defendants for the period after they found a bag of cannabis in George's vehicle; (6) George's malicious prosecution claim against all defendants for the cannabis charge; and (7) Rico and George's malicious prosecution claims against defendants Plovanich and Milan for the mob action charge. (*See* 9/9/14 Mem. Op. & Order, ECF 250 at 1-3.) Five and one-half years into the case, plaintiffs voluntarily dismissed all the claims they asserted against defendants Graney, Mangan, Garcia, and Silva and the illegal search and malicious prosecution of mob action claims asserted against defendant Cerda by David and Rico. (*See* 10/27/17 Min. Entry, ECF 467.) Ultimately, the case proceeded to trial against seven officers, four of whom, McDermott, Kushiner, Esquivel, and Cerda, were found liable in the total amount of $290,000. (*See* Verdict Form, ECF 538.)

Nonetheless, plaintiffs contend that the lodestar should not be reduced because "[t]here was not a single attorney hour spent on one claim or one party that would not have been necessary for the successful claims against the losing defendants." (Pls.' Reply Supp. Fee Pet., ECF 572 at 10.) That cannot be true. The section 1983 conspiracy, unlawful vehicle search, malicious prosecution for the cannabis charge, and *Monell* claims, for example, are distinct from the false arrest, unlawful search of person, and malicious prosecution claims that were actually tried. Thus, work devoted to the former claims was not necessary to prosecute the latter. Similarly, any time spent attempting to prove that Gorzokowski, Karczewski, Graney, Mangan, Garcia, or Silva was

liable for any of plaintiffs' claims was not necessary to prove the liability of the other defendants. The time spent on these distinct and unsuccessful claims was not reasonably necessary to this case.

Unfortunately, it is not clear from counsel's records how much time was devoted solely to these claims. Accordingly, the Court has no choice but to reduce the lodestar by a percentage to account for the degree of success plaintiffs achieved. *See Montanez*, 755 F.3d at 553 (7th Cir. 2014) ("Where the hours spent on successful claims can easily be distinguished from those spent on unsuccessful claims, the court can simply strike the latter entries when computing the lodestar. But when the work on each set of claims is difficult to disentangle, the lodestar calculation will likely include some time spent on unsuccessful claims, and in these cases the court ought to reduce the lodestar figure."); *Richardson*, 740 F.3d at 1103 ("[W]hen the lawyer's billing records do not permit time to be allocated between winning and losing claims, estimation is inevitable."). Because plaintiffs dismissed most of these claims fairly early in the litigation, the Court, in the exercise of its discretion, reduces the lodestar by twenty-five percent to $547,046.63.[18]

Plaintiffs also ask for interest on that amount from the date of judgment, July 25, 2018, to the present and for and an award of additional $164.20 in costs. Defendants do not object to either request. Therefore, both are granted.

---

[18] Plaintiffs contend that the other factors the Court may consider in adjusting the lodestar militate against a reduction. *Hensley*, 461 U.S. at 434 n.9 (stating that a court may also consider other factors [such as the time expended, the difficulty and novelty of the questions presented, the skill required to perform the legal services, whether the attorney's work on the case precluded her from taking other work, the usual fee and whether it was contingent, limitations imposed by the client or circumstances, the amount involved, counsel's experience and ability, the undesirability of the case, and awards in similar cases] in adjusting the lodestar) (citation omitted). However, "most, if not all, of [these] factors" are included in the lodestar, and the presumption that the lodestar is a reasonable fee "may [only] be overcome in those rare circumstances in which the lodestar does not adequately take [one of these factors] into account." *Perdue*, 559 U.S. at 553, 554 (2010) (quotation omitted). Plaintiffs have not shown that this is one of those rare cases. *Cf. id.* at 546 ("[A] party seeking fees has the burden of identifying a factor that the lodestar does not adequately take into account and proving with specificity that an enhanced fee is justified.").

**Conclusion**

For the reasons set forth above, the Court finds that plaintiffs reasonably expended $547,046.63 in fees on this litigation. The Court orders defendants to pay plaintiffs that amount, plus interest at the prime rate from July 25, 2018 to the present and additional costs in the amount of $164.20. The parties are ordered to submit to the Court's proposed order email an agreed proposed order reflecting this decision within fourteen days of the date of this order.

**SO ORDERED.**                                     **ENTERED:   February 1, 2019**

_M. David Weisman_

**M. David Weisman**
**United States Magistrate Judge**